Bissell, J.,
delivered the opinion of the court.
The county court from which this case comes on a writ of *7 error was without jurisdiction to enter any ju'dgment in the action.
In 1890, Mrs. Roberts brought suit in Arapahoe county to obtain a divorce from her husband. According to the record the husband lived in Kansas City. To effect the service of summons Mrs. Roberts filed her affidavit showing the non-residence, and thereon procured an order of publication. The summons was published according to the order. When the publication was completed the plaintiff applied for a default for want of an answer and filed proof of the publication. This was furnished by an affidavit of the publisher which showed the advertisement of the attached summons for the statutory period. It did not state that a copy of the summons was deposited in the post office, directed to the defendant at bis last known place of abode, nor was this proof supplied by, the affidavit of any other person.
The judgment rests on the affidavit made by the publisher. Its sufficiency was questioned and the court ought not to have entered judgment on that evidence. It is difficult to apprehend how the court fell into the error. The question was disposed of in the case of O'Rear v. Lazarus, 8 Colo. 608, and ever since that time it has been the law in Colorado that the proof must show a compliance with the statute respecting the mailing of a copy of the summons to the defendant to justify the entry of judgment. No good purpose would be subserved by a restatement of the reasons on' which the rule rests, and it is enough to state in conformity with that opinion that all the steps which the statute prescribesi must not only be followed, but proven, to confer jurisdiction on the court over the absent defendant. There was an idle attempt apparently to obviate this difficulty by the introduction of parol testimony tending to show that the defendant had information of the pendency of the suit. This proof was offered on the hearing of a motion to set aside the. judgment because of this jurisdictional defect. In what way it was conceived that the difficulty could be cured by that sort of proof offered at that time, it is not easy to determine. It is *8 certain that the evidence was useless for the purpose, and could not render valid a judgment which must rest upon proof of an exact and strict compliance with the statute. It is very evident that if the failure to take one step could be overcome by proof of knowledge of the pendency of the action on the part of the defendant, any other requirement could be as easily and well satisfied by evidence of that knowledge.
Since the court was without jurisdiction, according to the record, to enter judgment on the proof before it, the cause must .be reversed and remanded.

Reversed.