(November 16, 1897.)

## VERMONT LOAN AND TRUST COMPANY v. McGREGOR.

[51 Pac. 104.]

PRACTICE—SERVING AMENDED PLEADINGS.—When the plaintiff files an amended complaint in which material facts, which are not alleged in the original complaint, are alleged, the amended complaint must be served upon all of the defendants against whom judgment is sought upon such amended complaint.

PUBLICATION OF SUMMONS.—An affidavit for publication of summons which describes, as the basis of the action, a cause of action different from the one alleged in the complaint, cannot be made the basis for an order of publication, and an order for publication and publication of summons under such order are void, and do not give an absent defendant constructive notice of the pendency of the action.

VOID JUDGMENT.—A judgment foreclosing a mortgage which does not determine with certainty the amount due upon the mortgage debt is void.

WRIT OF ASSISTANCE.—To entitle the purchaser under a judicial sale to a writ of assistance, such purchaser must show a valid judgment.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

George W. Goode, for Appellant.

The nonservice of the amended complaint on defendants, Henry McGregor, J. B. West et al., through whom this appellant holds possession. Appellant's husband, Henry McGregor, being the principal mortgagor, was a necessary party to the suit, and whenever the complaint was amended in matter of substance, a copy of such amended complaint should have been served upon him as required by statute, and without such service the judgment is absolutely void. (Code, secs. 4176, 4228.) The above sections of our code are the same as those of California, and in several instances they have been construed by the supreme court of that state. The last case of that court directly passing upon the question is *Reinhart v. Lugo,* 86 Cal. 399, 21 Am. St. Rep. 52, and note, 24 Pac. 1089; *Thompson v. Johnson,* 60 Cal. 292.) The appellant's list of authorities in the latter case contains a large number of cases in point from other states. (*McGary v. Pedrorena,* 58 Cal. 92; *Elder v. Spinks,* 53 Cal. 294; *Schuttler v. King,* 12 Mont. 149, 30 Pac. 28; *Barber v. Briscoe,* 8 Mont. 214, 19 Pac. 590; *Shaw v. Bryant,* 66 Hun, 627, 20 N. Y. Supp. 785; *Hittson v. Gentry* (Tex.), 22 S. W. 70; 1 Am. & Eng. Ency. of Pl. & Pr. 645.) A writ of assistance will never be granted where there is the least doubt as to whether the applicant is entitled to the same. (2 Am. & Eng. Ency. of Pl. & Pr. 979, 980, notes; *San Jose v. Fulton,* 45 Cal. 316.) And a question of the insufficiency of service to give the court jurisdiction of the parties will be inquired into on a motion of this kind. (*Steinbach v. Leese,* 27 Cal. 295.) Statutory provisions for service of summons by publication must be strictly pursued. (*People v. Huber,* 20 Cal. 82.)

A. E. Gallagher and Fred W. Piper, for Respondent.

. The amendment did not change the original complaint or add a new cause of action, but only so shaped the complaint that the facts of the execution of the mortgage, as alleged in the original complaint, might be proved and the evidence of it put in legal form. The amendment related wholly to the evidence by which the execution of the mortgage should be established, and the defaulting defendants had no interest whatever in this, as they were not disputing the facts, and it was a ques-

tion wholly between the appellant and respondent. (*Banbury v. Arnold,* 91 Cal. 606, 27 Pac. 934, 935, 936; *Keys v. Phelan,* 19 Cal. 128; *Hutchinson v. Ainsworth,* 73 Cal. 452, 2 Am. St. Rep. 823, 15 Pac. 82; Idaho Code, secs. 4176, 4200; *Newmark v. Chapman,* 53 Cal. 557; *Frisbie v. Fogarty,* 34 Cal. 11.) The right of redemption had already expired as to all the defendants. West was among the defaulting defendants and was bound by the decree. (*Wilder v. Campbell,* 4 Idaho, 695, 43 Pac. 677; *Barnitz v. Beverly,* 163 U. S. 118, 16 Sup. Ct. Rep. 1042; *State v. Gilliam,* 18 Mont. 94, 44 Pac. 394, 45 Pac. 661; *Hardy v. Herriott,* 11 Wash. 460, 39 Pac. 958.) Whether or not the defendant, Henry McGregor, was ever served with summons is a matter which does not concern the appellant, as she has not shown or attempted to show in any way that she acquired any right from the defendant, Henry McGregor, which would be a defense to the writ of assistance, and set up none in her answer. (*McGray v. Pedrorena,* 58 Cal. 91, 94; *Newmark v. Chapman,* 53 Cal. 557; *Frisbie v. Fogarty,* 34 Cal. 11.)

QUARLES, J. (After Stating the Facts.)—The correctness of the order of the district court in granting to the respondent a writ of assistance depends upon the validity of the judgment of foreclosure in this case. The amendment of the complaint was evidently made for the purpose of alleging the existence of facts which were not alleged in the original complaint, and which could not, under the original complaint, be proven. The amendment was one of substance, and it was necessary that the amended complaint should be served upon each of the defendants. In *Thompson v. Johnson,* 60 Cal. 292, the court said: "The right to answer an amended pleading is one of which a party cannot be deprived even after entry of a default against him on the original pleading; for, when a plaintiff amends in matter of substance, he, in effect, opens the default on the original pleading, and must serve his amended pleading upon all parties, including the defaulting defendant." In the case of *Barber v. Briscoe,* 8 Mont. 214, 19 Pac. 589, the court uses this forcible language: "An amendment to a complaint setting forth any allegation of a material fact, proof of which is necessary to enable the plaintiff to recover, is an amendment of substance.

It is making a good lawsuit out of nothing, and is tantamount to the commencement of a new action." In *Railroad Co. v. Van Riper,* 19 Kan. 317, the court said: "Every person should have an opportunity of litigating the exact matter or claim upon which the judgment affecting his rights is finally rendered. But if one party may, in the absence of and without notice to the other party, amend his pleadings in a material respect, and take judgment thereon, then he may set up a new claim in his pleadings, and obtain judgment thereon, without the other party ever having any opportunity to dispute or litigate such claim. This would certainly not be the way that justice should be administered, and it is not the way that justice is usually administered."

Other defects fatal to the judgment of foreclosure in this case appear in the record. The defendant, Henry McGregor, was not actually served with summons in the action, and did not appear in the action. The plaintiff filed an affidavit for publication of summons in the following words: "Isham N. Smith, being first duly sworn, deposes and says that he is one of the attorneys for the corporation plaintiff in the above-entitled action, and that the complaint in said action was duly filed on the twenty-sixth day of March, 1894; that the said complaint was duly verified; that the same was filed with the clerk of the above-entitled court, and summons issued thereupon; that the said action is brought to foreclose a certain mortgage of date 14th of May, 1890, due May 1, 1895, for the sum of $2,500, with interest thereon at the rate of ten per cent per annum from date to maturity, together with $100 as attorneys' fees, and the cause of action is fully set forth in the plaintiff's verified complaint filed herein; that defendant last resided at Moscow, Latah county, Idaho, but that he has now departed from said state of Idaho, and cannot, after due and diligent search, be found therein; that affiant has made diligent inquiry of John Moore, J. B. West, Messrs. Goode & Burnham, who have been acting as counsel for Thyrza C. McGregor, and who would be likely to know where said defendant is, wife of the said Henry McGregor, and J. L. Naylor, sheriff of the county of Latah, state of Idaho, who reside at Moscow, Latah county, Idaho, and they all with one accord informed affiant that the

said Henry McGregor is not within the state of Idaho; and that affiant was informed by said persons hereinbefore named that the said Henry McGregor is now in the state of New York and city of New York, the exact place and address of said Henry McGregor being unknown to them; that the summons was duly issued out of the above-entitled court, and placed in the hands of the sheriff of the county of Latah, state of Idaho, with instructions to personally serve the same upon said defendant; that, after diligent search and inquiry, the said sheriff has made return thereon that he cannot find the said defendant Henry McGregor within the county of Latah, aforesaid, where this action is commenced and is now pending; and that he is informed and believes that the said Henry McGregor is without the county of Latah and state of Idaho, at the city of New York, state of New York, aforesaid. Wherefore this affiant said that personal service of said summons cannot be had on said defendant Henry McGregor, and prays for an order that service may be had on said defendant Henry McGregor, by publication thereof. Isham N. Smith"—duly verified and filed April 2, 1894. Upon this affidavit an order for publication of summons against said defendant Henry McGregor was made by the district judge.

The affidavit for publication described the action as being "brought to foreclose a certain mortgage of date of 14th of May, 1890, due May 1, 1895, for the sum of $2,500, with interest thereon at the rate ten per cent per annum from date to maturity"; while it appears from the record in this case that this action was commenced to foreclose a mortgage given to secure one principal note dated May 14, 1890, given by the defendants Henry McGregor and his wife, Thryza C. McGregor, for $2,500, due May 1, 1895, with interest on the same at the rate of seven per cent per annum, payable semi-annually, according to the terms and conditions of ten certain interest-bearing coupon notes, "which are described and alleged to be" in favor of plaintiff. The cause of action described in the complaint which we find in this record is not the one mentioned in the affidavit for publication, nor the one described in the amended complaint. Possibly there were two or more suits pending between the same parties, and the affidavits in some unaccountable

manner became mixed; but, be that as it may, we must decide
this case upon the record as presented, and not upon conjecture.
Owing to the variance between the allegations in the complaint
and the statements in the affidavit for publication of summons,
the publication of summons against the defendant Henry Mc-
Gregor was void, and did not give him constructive notice of
the pendency of the action.

The order for publication of summons was made April 2,
1894. The judgment was entered on the twenty-ninth day of
April, 1895; yet no proof of publication of the summons against
the defendant Henry McGregor appears to have been made until
May 14, 1896, one day after the hearing of the plaintiff's mo-
tion for a writ of assistance in this case, and the same day
that the order granting the writ of assistance appealed from was
made. The lower court had no jurisdiction, under the cir-
cumstances, to render judgment of foreclosure. In a similar
case (*Reinhart v. Lugo,* 86 Cal. 395, 21 Am. St. Rep. 52, and
note, 24 Pac. 1089) the court said: "The default and judgment
were void, not because there was no service, but because there
was, at the time of entering the same, no proof of service."
Under the provisions of section 4456 of the Revised Statutes, in
cases when the complaint is not answered by any defendant, the
"summons, with the affidavit of proof of service," is a part of
the judgment-roll. The practice of rendering judgment against
a defendant who has not appeared in the action, where there
is no proof of service upon him, is a dangerous one, and would
lead to serious consequences, and cannot be tolerated. (Black
on Judgments, sec. 232.)

The summons in this case describes the cause of action in the
following words: "The said action is brought to obtain a decree
of this court for the foreclosure of a certain mortgage described
in said complaint, and executed by the said Henry McGregor
and Thyrza C. McGregor, on the fourteenth day of May, A. D.
1890, to secure the payment of a certain principal promissory
note for $2,500, dated May 14, 1890, executed by the defendants
Henry McGregor and Thyrza C. McGregor, and payable to the
order of the plaintiff; also, to secure ten certain coupon notes
attached to the said principal note, fully described in the com-
plaint in this action; that the premises conveyed by the said

mortgage may be sold, and the proceeds applied to the payment of said principal sum of $2,500, together with the interest found to be due thereon; also $87.50, due on the interest coupon note No. 7, with the interest found to be due thereon; also $134.35, taxes paid by this plaintiff on the premises sought to be foreclosed; and $100, as attorney fees, and the costs and disbursements of this action." In the finding of fact, the court found "that there is now due, owing and payable to plaintiff from said defendants Henry McGregor and Thyrza C. Mc-Gregor, his wife, on account of said mortgage indebtedness, the sum of $3,359.07, which said sum is made up as follows:

|  |  |  | Interest on Same. |  |
| --- | --- | --- | --- | --- |
| Principal note ....... .... ..........$ | 2,500 | 00 | $ 381 | 25 |
| Coupon note No. 5 ............. ...... | 87 | 50 | 23 | 83 |
| Coupon note No. 7 ....... ........... | 87 | 50 | 13 | 37 |
| Attorney's fees ............. ........ | 100 | 00 |  |  |
| Taxes '92, paid by plaintiff ............ | 86 | 10 | 23 | 24 |
| Taxes for 1893 ...................... | 48 | 25 | 7 | 83 |
| Total ........ ....... ..........$ | 2,909 | 35 | $ 449 | 52 |
|  |  |  | $3,359 | 07 |
| Costs as per bill ...................$ | 39 | 15. |  |  |

This finding is astounding, when we consider that it is impliedly stated in the original complaint that the first six of the coupon interest notes had been paid, and expressly alleged in the amended complaint that the first six had been paid. In the decree no sum certain is adjudged to be due and unpaid on the mortgage debt, nor is any sum whatever therein adjudged to be due to the plaintiff, or mentioned at all, the only mention of any indefinite sum being in the direction to the sheriff in the decree in the following words: "That all and singular the mortgaged premises mentioned and subscribed in said complaint, and hereinafter described, or so much thereof as may be sufficient to satisfy the amount due to plaintiff for principal, interest, charges, taxes, costs, disbursements, commissions on sale, and attorneys' fees, and which may be sold separately without material injury to the parties interested therein, be sold at public auction by the sheriff of the county of Latah, state of

Idaho, in the manner prescribed by law, and according to the course and practice of this court; and that the said sheriff, after the time allowed for redemption from such sale has expired, execute a deed to the purchaser or purchasers of the said mortgaged premises on the sale thereof, and the said sheriff, out of the proceeds of said sale, retain his fees, disbursements, and commission on said sale, and pay to the plaintiff or its attorneys, out of said proceeds, the amount found to be due from defendants to the plaintiff, together with interest thereon from the date thereof at the rate of ten per cent per annum, all in lawful money of the United States of America, or so much thereof as the proceeds of said sale will pay of the same." The order of sale issued and directed to the sheriff followed the judgment, and mentioned no sum due the plaintiff, and did not direct what sum was to be made by the sheriff out of sale of the mortgaged premises. There seems to have been an indorsement on the back of the order of sale, evidently obtained from the findings of fact, showing the amounts claimed due to plaintiff. It is essential to the validity of a decree foreclosing a mortgage that it ascertain the amount due to the plaintiff, and to be realized from a sale of the mortgaged premises. The decree must be so specific that the clerk can issue an order of sale thereon without reference to other entries or papers. (See Black on Judgments, secs. 48, 118.) The summons was insufficient. (See *Schuttler v. King,* 12 Mont. 149, 30 Pac. 25.)

There was only one of the defendants who appeared after the complaint was amended as above stated, to wit, Thyrza C. McGregor, wife of the defendant, Henry McGregor. The pleadings show that the notes and mortgage were executed by both husband and wife, but it nowhere appears in the record whether the mortgaged premises were the separate property of either husband or wife, or their community property. Under these circumstances, the presumption is that the mortgaged premises were community property. But whether the property was the separate property of the husband, or the separate property of the wife, or the community property of both, under the provisions of section 4093 the husband was a necessary party, although the mortgaged property is the separate property of the wife, unless they are living separate and apart, by reason of the desertion of the husband, or by agreement in writing en-

tered into between them, neither of which conditions is shown to exist. But, owing to the presumption that the mortgaged premises were community property, the control of same is in the husband, and he is a necessary party. The husband being a necessary party, and the judgment being void as to him, for the reasons hereinbefore given, it was also void as against his wife. To entitle the plaintiff to the writ of assistance demanded, the plaintiff should show a valid judgment. The findings should be supported by the pleadings, and the judgment must be supported by the pleadings and the findings, and the judgment must support the order of sale and proceedings thereunder. In this case the findings are not supported by the pleadings, and there is no judgment of foreclosure upon which an order of sale could issue. The order of sale and proceedings thereunder were therefore void, and the writ of assistance complained of was erroneously granted.

The court, in rendering the first opinion in this case, (ante, p. 320, 51 Pac. 102), confined itself to the issues made by the briefs of the respective parties. The brief of appellant did not refer to the allegations in the amended complaint, which are different from those in the original as to the debt sued on; it did not refer to the fact that the affidavit for publications of summons stated a cause of action different from the one stated in the original and in the amended complaints; nor did it refer to the fact that the judgment absolutely failed to ascertain and determine the amount due on the mortgage debt involved in this action. In passing on this case in the first instance, we examined only those parts of the transcript necessary to a determination of the error assigned by the appellant's brief. When the petition for rehearing was presented, we examined the entire transcript, and found that it showed that the judgment upon which the judicial sale in question was based was void. The principal questions upon which this decision is based were not raised by appellant's brief, nor by the petition for rehearing. The proceedings in this case, from the commencement of the action to the granting of the writ of assistance, could well be characterized as a comedy of errors. The order appealed from is reversed, with costs to appellant.

Sullivan, C. J., and Huston, J., concur.