(February 26, 1898.)

# STRODE v. STRODE.

[52 Pac. 161.]

DIVORCE—SERVICE BY PUBLICATION.—All of the requirements of the statute authorizing service of summons by publication must be complied with to give the court jurisdiction.

SAME—WHAT NECESSARY TO GIVE JURISDICTION.—When the record fails to show that a copy of the summons was sent to the address of the defendant, when the order directs that to be done, service of the publication is not complete, and does not give the court jurisdiction.

SAME—PROOF OF SERVICE.—Unless affidavits are filed showing that all of the requirements of the statute authorizing service by publication have been complied with, the court has no jurisdiction to enter judgment and decree.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Hawley & Puckett, for Appellant.

Affidavit and order for publication are not part of the judgment-roll. (Rev. Stats., sec. 4456; *McCanley v. Folton,* 44 Cal. 355; *In re Newman,* 75 Cal. 215, 7 Am. St. Rep. 146, 16 Pac. 887; *Hahn v. Kelly,* 34 Cal. 391, 94 Am. Dec. 742, and note; *People v. Temple,* 103 Cal. 447, 37 Pac. 414.)   The affidavit to obtain service is not a jurisdictional fact.   (*Dore v. Dougherty,* 72 Cal. 232, 1 Am. St. Rep. 48, 13 Pac. 621; *Newcombe v. Newcombe,* 13 Bush, 594; *Thomas v. Mahone,* 9 Bush, 125.)   It will be presumed that evidence to establish the sufficiency of the service has been introduced.   (*Blasdell v. Kean,* 8 Nev. 308; *Gilpen v. Page,* 1 Saw. 325, Fed. Cas. No. 5205.) The existence of any jurisdictional fact, not affirmed upon the record, will, upon a collateral attack, be presumed.   (Freeman on Judgments, 124, 125; *Wiggin v. Superior Court,* 68 Cal. 400, 9 Pac. 646.)   Where the record is silent as to a question of jurisdiction the judgment of the court cannot be collaterally impeached for any alleged want of jurisdiction over the parties to the decree.   (*Lawler v. White,* 27 Tex. 353; *Hahn v. Kelly,* 34 Cal. 391, 94 Am. Dec. 742, and note; *Cole v. Butler,* 23 Mo. 401;

1 Black on Judgments, 263.)    Whether summons was regularly issued or not is not a jurisdictional fact.    (*Dore v. Dougherty,* 72 Cal. 232, 1 Am. St. Rep. 48, 13 Pac. 621; *Dunham v. Wilfring,* 69 Mo. 355; *Casey v. People,* 165 Ill. 49, 46 N. E. 7; *Newman v. Bullock,* 23 Colo. 217, 47 Pac. 379.)

: W. E. Borah, for Respondent.

: Whenever it appears, either from the records or by evidence outside, that the defendants were, at the time of the alleged service upon them, beyond the reach of the process of the court, the presumption ceases and the burden of establishing the jurisdiction over them is thrown upon the party who invokes the benefit of the judgment.    So, too, the presumption ceases when the proceeding was not in accordance with the course of the common law.    (*Gray v. Larimore,* 4 Saw. 639, Fed. Cas. No. 5721; Freeman on Judgments, 3d ed., 123, 127; Black on Judgments, sec. 279; *Galpin v. Page,* 18 Wall. 959.)    The fact that the statute has been strictly followed must be proved no presumption of jurisdiction being indulged in.    (Stewart on Jurisdiction, sec. 234; *O'Dell v. Campbell,* 9 Or. 298; *Victor v. Davis,* 11 Or. 447, 5 Pac. 750; *Pennoyer v. Kneff,* 95 U. S. 743; *Cofield v. McClelland,* 16 Wall. 331; *Commonwealth v. Blood,* 97 Mass. 538.)    Statutes requiring service by publication are in derogation of the common law and must be strictly construed.    (*Forbes v. Hyde,* 31 Cal. 35; *People v. Huber,* 20 Cal. 81; *Baley v. Seaman,* 30 Cal. 618; *Scorpion v. Marsano,* 10 Nev. 380; *O'Dell v. Campbell,* 9 Or. 298; *Gray v. Larimore,* 4 Saw. 639, Fed. Cas. No. 5721; *Tunis v. Withrow,* 10 Iowa, 305, 77 Am. Dec. 117; *Vizzard v. Taylor,* 97 Ind. 93; *Boyland v. Boyland,* 18 Ill. 551; Black on Judgments, sec. 232; *Earl v. McVeigh,* 95 U. S. 503; *Settlemier v. Sullivan,* 97 U. S. 444; *Cheely v. Clayton,* 110 U. S. 701, 4 Sup. Ct. Rep. 328; *Applegate v. Lexington,* 117 U. S. 255, 6 Sup. Ct. Rep. 742.)    The district court has no authority to render judgment by default against a defendant served with notice by publication when the record does not affirmatively show that the statute has been complied with.    (*McCraney v. Childs,* 11 Iowa, 54; *Tooley v. Comely,* 9 Iowa, 240; *McGahen v. Carr,* 6 Iowa, 331, 71 Am.

Dec. 421, and note; *O'Rear v. Lazarus,* 8 Colo. 608, 9 Pac. 621.)
No service or proof of service by mail. This renders the judgment wholly void. (*Roberts v. Roberts,* 3 Colo. App. 6, 31 Pac.
941; *O'Rear v. Lazarus,* 8 Colo. 608, 9 Pac. 621; *Schart v.
Schart,* 116 Cal. 91, 47 Pac. 927.)

SULLIVAN, C. J.—This is an action for divorce on the
ground of cruelty. The defendant answered the complaint
denying the allegation of cruelty, and by cross-complaint asked
that the marriage between himself and the plaintiff be annulled,
for the reason that the plaintiff had a husband, from whom she
had not been divorced, living at the time of the intermarriage of
plaintiff and defendant. The trial court found that the charge
of cruelty was not supported by the evidence, and also found
that the allegations of the cross-complaint were true, and entered judgment and decree annulling the marriage as prayed for
in the cross-complaint. A motion for a new trial was made by
the plaintiff (appellant here), and overruled by the court. This
appeal is from said order denying a new trial and from the
judgment.

Numerous errors are specified, but, in our view of the case,
it is only necessary to review those findings of fact on which the
conclusion of law is based that the decree of divorce entered in
the case of Deeds against Deeds was a nullity. The facts are
substantially as follows: On the fourth day of July, 1880, the
plaintiff married one Rufus M. Deeds at the town of Blanchard,
in the state of Iowa. The plaintiff and her said husband,
Deeds, came to Idaho in 1881; resided in Idaho until 1885; then
went to Oregon, and returned to Idaho in 1886; and in 1888
returned to Oregon, and resided at Eugene, or near there. The
plaintiff and her said husband separated in the spring of 1890.
Plaintiff then went to the city of Portland, and engaged in the
real estate business. On the fifth day of January, 1892, she returned to Boise City, Idaho; and on the second day of February,
1892, began a suit in the district court of Ada county to obtain
a divorce from her said husband, Deeds. In the complaint she
alleged, in substance, that she had been a resident of the state
of Idaho since 1881; the marriage of herself and the defendant,
Rufus M. Deeds; extreme cruelty as the grounds for divorce.

A summons was duly issued on said second day of February, and returned and filed on the fourth day of said month. The return thereon recited that the defendant, Rufus M. Deeds, could not be found in Ada county. Thereupon service was attempted to be made by publication. The affidavit for service of the summons by publication, made by the plaintiff in that case, is as follows:

"State of Idaho,  
County of Ada. } ss.

"Flora A. Deeds, being first duly sworn, on her oath deposes and says that she is the plaintiff in the above-entitled action; that the complaint in said action was filed February 2, 1892, with the clerk of said court, and summons was thereupon issued; that said action is brought to dissolve the bonds of matrimony now existing between plaintiff and defendant; that the cause of action is fully set forth in plaintiff's verified complaint on file herein; that said defendant is now out of this state, and cannot, after due diligence, be found therein; that this affiant has inquired of the friends and acquaintances of the defendant, to wit, Mrs. A. Jane Williams, Mr. Frank C. Bond, David Spiegel and H. P. Nelson, as to the whereabouts of the defendant, and none of them know his present place of residence, unless it be Portland, Oregon; that when he (the defendant) left Boise valley he stated to his said friends that he was going to Portland, Oregon; that he went there, but as to whether he is there at the present time they have no knowledge, but that, if he had returned to this state, they, his friends, would have known of his return. This affiant therefore says that the defendant is not in this state, and that personal service of summons cannot be had on said defendant, Rufus M. Deeds, within this state, and prays for an order that service of the summons may be made by publication.          FLORA A. DEEDS.

"Subscribed and sworn to before me this 18th day of February, A. D. 1892.

"CHAS. A. CLARK,  
"Notary Public."

Upon reading and filing said affidavit, Honorable E. Nugent, judge of the district court of said Ada county, made an order

directing that service of said summons be made by publication of the summons in the "Idaho Democrat," a newspaper published in Boise City, Idaho, and also directed that a copy of the summons and complaint in said suit be deposited in the post-office at Boise City, Idaho, postage prepaid, and addressed to said defendant, Rufus M. Deeds, at Portland, Oregon. Said order was made on the nineteenth day of February, 1892. On the second day of December, 1892, said court made and filed the following judgment and decree of divorce:

"Be it remembered that on the second day of December, 1892, the same being the fifth judicial day of the third judicial court of the state of Idaho in and for Ada county, November term, the Honorable Edward Nugent, sole judge, presiding, this cause of action coming on for hearing, the plaintiff appearing by her attorney, D. T. Miller, and though the defendant having been duly served with due, legal and timely service with the original summons issued out of said court, of the pendency of this action, appeared not, and it was therefore ordered and adjudged that defendant be declared in default for not answering, which was duly entered. And be it further remembered that on said day, this cause of action coming on for further and final hearing on the complaint filed therein, and the proof thereof and the court having been first fully advised of the allegations in plaintiff's complaint and hearing the testimony in support thereof, and all and singular the law and the premises, being by the court here understood and fully considered, finds for the plaintiff and against the defendant. Wherefore it is here ordered, adjudged and decreed, and this does order, judge and decree, that the marriage between the said plaintiff, Flora A. Deeds, and the defendant, Rufus M. Deeds, be dissolved, and the same is hereby dissolved, and the plaintiff, Flora A. Deeds, is freed and absolutely released from the bonds of matrimony, and all obligations thereunder, and restored to all the rights and privileges of an unmarried woman; and it is further ordered, adjudged and decreed that the custody and control of the minor child of said marriage, Flora L. Deeds, age nine (9) years, be, and the same is hereby, awarded to the plaintiff, Flora A. Deeds. Done in open court this second day of December, 1892.

"E. NUGENT,
"Judge."

The decree recites that the defendant,·· Deeds, had been duly served with the original summons, and appeared not, and thereupon defendant was adjudged to be in default for not answering, and default was entered against him, and, after hearing the evidence offered by the plaintiff, a decree of divorce was entered in her favor. The record shows that the original summons was placed in the hands of the sheriff of Ada county for service on the third day of February, 1892, and returned on the fourth day of February, 1892, with the indorsement of the sheriff thereon stating that, after due and diligent search, he was unable to find the defendant therein named within Ada county. Thereafter, on the nineteenth day of February, the judge made the order directing that service of the summons be made by publication. .The record contains the affidavit of the publisher of the newspaper named in said order, wherein he stated that the summons was published in said newspaper at least once a week for one month, commencing on the twenty-first day of February, and ending on the twenty-third day of March, 1892. The record fails to show that a copy of the summons and complaint was sent to the defendant, Deeds, as required by said order of publication of summons; also fails to show that an *alias* summons was issued after the original summons had been returned as aforesaid.

It is admitted by counsel for the appellant that said affidavit on which the order for service of summons by publication was made, was false in some of its allegations; that it was false as to the allegations or statements as to the residence and post-office address of her said husband, Deeds; but they contend that said false statements were unintentional, and did not result in depriving Deeds of the knowledge of the fact that said divorce suit was pending, and that Deeds had actual notice of the pendency of said action.

Under the provisions of section 2469 of the Revised Statutes of Idaho, a suitor for a divorce must be an actual resident of the state for a period of at least six months next preceding the commencement of the action therefor. The evidence shows that the appellant resided in the state of Oregon from 1888 to the fifth day of January, 1892, when she returned to this state, and

commenced said suit against her said husband, Rufus M. Deeds, on the second day of February, 1892. After residing in Oregon for four years she returned to this state, and had resided here less than thirty days at the time of the commencement of said divorce suit. The evidence shows that she knew that her said husband's postoffice address was Eugene, Oregon, and that she deposed, in said affidavit for publication of summons, that she had inquired of certain persons, naming them, as to the whereabouts of her said husband, and that none of them knew his then place of residence, unless it was at the city of Portland, state of Oregon. The proof of service of summons fails to show that a copy of the summons and complaint were mailed to the defendant, as required by said order.

It is contended by respondent that said decree of divorce is void and a nullity, for the reasons: 1. That the appellant had not been a resident of this state more than thirty days prior to the commencement of said suit, whereas by the provisions of said section she was prohibited from bringing said suit until she had resided in the state six months. 2. That she perpetrated a fraud on the court by making a false affidavit in procuring an order for the service of summons by publication. 3. That after the return of the original summons, showing that the defendant could not be found in said Ada county, no *alias* summons was issued (the publication of summons having been made from a copy), and that no live process was in existence after the return of the original summons, and for those reasons the court never had jurisdiction of the said defendant, Rufus M. Deeds, and had no jurisdiction to enter said judgment and decree for divorce.

We think said contentions of respondent are sustained by the record. The defendant Deeds did not voluntarily appear in said case, and the attempted service of summons by publication utterly failed to confer jurisdiction on the court. Under subdivision 1, section 4456 of the Revised Statutes of Idaho, the judgment-roll, in cases like the one at bar, consists of the summons, with the affidavit or proof of service, and the complaint, with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment. In the case at bar the judgment-roll in the said case of

Deeds against Deeds was introduced in evidence, and it contains no proof of the service of summons by publication or otherwise, and the evidence shows, as a matter of fact, no service by publication was made. That being true, the court had no jurisdiction to enter judgment and decree in said case of Deeds against Deeds, and the decree therein was absolutely void for want of jurisdiction. The mere fact that a defendant has knowledge of a suit pending against him is not sufficient to give the court jurisdiction. Notice, as required by law, must be given, or the voluntary appearance of the defendant shown, in order to give jurisdiction. In *Roberts v. Roberts,* 3 Colo. App. 6, 31 Pac. 941, it is said: "All the steps which the statute prescribes must not only be followed, but proven, to confer jurisdiction on the court over the absent defendant." In *O'Rear v. Lazarus,* 8 Colo. 608, 9 Pac. 621, the court says: "The rule in such cases [service of summons by publication] seems to be that the record must show essentially all the jurisdictional facts. . . . . It follows, therefore, that the record in this case should have affirmatively shown a compliance with the statutory provisions relating to forwarding the process by mail. This it failed to do, and the omission is fatal to the jurisdiction of the court below." (See, also, *State v. Superior Court,* 6 Wash. 352, 33 Pac. 827.) In *Schart v. Schart,* 116 Cal. 91, 47 Pac. 927, it was held that service by publication on nonresidents, whose address is known, is not complete until copies of the summons and complaint are mailed to them, as required by the order of publication. In *Lewis v. Lewis,* 15 Kan. 181, Justice Brewer, speaking for the court, and commenting on that section of the Kansas statutes authorizing service of summons by publication, and referring to each act required to be done by the provisions of said section, says: "Now, this is a part of the service; without it no decree can be properly entered. It is a precaution ordered by the legislature to guard against the danger of decreeing a divorce without the knowledge and presence of both parties. It may be very inadequate, but it is worth something. It is a step in the right direction. But, whether adequate or not, it is the legislative direction, and as such, may not be disregarded." Nothing short of a substantial compliance with the prerequi-

sites of the statute authorizing service of summons by publication will give jurisdiction.   The judgment-roll should show on its face that each and every act required by law had been substantially complied with, or the judgment must be treated as void.   (*Trust Co. v. McGregor,* 5 Idaho, 510, 51 Pac. 104.) A court is not authorized to enter judgment and decree, in cases where service of summons is made by publication, until proof of a substantial compliance of the law as to publication of summons and mailing of summons and complaint is made and filed with the clerk of the court.   (In *Crouch v. Crouch,* 30 Wis. 667, a case in some particulars very much like the one at bar, the court said: "But the order and judgment are void for another reason.   It is a verity in this case that, when the plaintiff made the affidavit upon which the order of publication was granted, she knew the residence or stopping place of the defendant; she also knew where he was when she testified before the referee. Yet she studiously concealed these facts from the commissioner and the court, for the evident purpose of obtaining a judgment of divorce without the knowledge of the defendant."   Upon a careful examination of the evidence, we are of the opinion that the plaintiff would not have been entitled to a divorce had no defense been made on the ground of the nullity of the decree of divorce between plaintiff and her husband, Deeds.   Under the provisions of section 2471 of the Revised Statutes, no divorce can be granted upon the uncorroborated testimony of the parties.   The evidence of the plaintiff on the allegation of cruelty is uncorroborated, and in fact contradicted by several witnesses.   The judgment of the court below is affirmed.   The respondent is ordered to pay the costs of this appeal.

Huston and Quarles, JJ., concur.