(December 21, 1903.)

## MILLS v. SMILEY.

[76 Pac. 783.]

WRIT OF ASSISTANCE—MOTION TO DISMISS APPEAL FROM ORDER REFUSING TO SET ASIDE—WHEN NOT GRANTED.—When writ of assistance is granted and issued, one who was not a party to the action at the time of such issue may move to set the order aside and appeal from an order denying the motion.

MOTION TO SET ASIDE ORDER GRANTING WRIT OF ASSISTANCE WILL NOT BE GRANTED WHEN.—When it appears from the record that the moving party has not placed his deed upon record, he is not a necessary party to the action under the provisions of section 4520 of the Revised Statutes, Idaho, and his motion to set aside order granting writ will be denied.

(Syllabus by the court.)

APPEAL from the District Court of Latah County. Honorable Edgar C. Steele, Judge.

Judgment on motion overruling motion to set aside writ of assistance from which appellant appeals. Judgment affirmed.

The facts are stated in the opinion.

A. J. Green and S. S. Denning, for Appellant.

Counsel for respondent moves the court to dismiss the appeal on the ground that the appeal should have been taken from the order granting the writ of assistance, instead of moving to set the writ aside and then appealing from the order denying the motion, and cites *Davis v. Donner,* 82 Cal. 35, 22 Pac. 879, in support of his contention. This case would be exactly in point had Smiley been a party defendant in the action. The statement in this case says: "The defendant John Donner moved to set aside the writ upon affidavits of himself and wife that a portion of the property was her separate estate. His wife, Sarah Donner, was not a party to the action, nor to the motion, excepting by her affidavit in aid of the motion of John Donner." The appeal is by the defendants in the action. The court held that the "defendants" should have appealed from the order granting the writ and not made a motion to set the writ aside and then appealed from the order denying it, which as the court said "would be a mere negative action of the court declining to disturb its first decision." Appellant contends that this case is not applicable to the case at bar. In the case at bar Smiley was not a defendant, and had no notice of any proceedings against him until after the writ of assistance had been granted. The case of *People v. Grant,* 45 Cal. 97, is exactly in point. (*The Mayor and Common Council of the City of San Jose v. Robert J. Fulton,* 45 Cal. 316.) The first assignment of error is where the court made an order for the publication of the summons in the foreclosure proceedings. This order was made upon the affidavit of one of the attorneys for the plaintiff, and is as follows, to wit:

"AFFIDAVIT FOR PUBLICATION OF SUMMONS.

"Edwin T. Coman, being first duly sworn upon oath, deposes and says, that he is agent and one of the attorneys for the plaintiff in the above-entitled action; that due and diligent search has been made for the defendants Pauline E. Maupin, Thomas M. Morgan, Rachel Morgan, C. F. Adams and the Security Savings and Trust Company of Portland, Oregon, a corporation, and that said defendants cannot be found within the state of Idaho.                EDWIN T. COMAN.

"Subscribed and sworn to, etc."

. This affidavit did not give the court authority to make an order for the publication of the summons, and consequently the court never gained jurisdiction over these defendants. (Idaho Rev. Stats., sec. 4145; *Strode v. Strode,* 6 Idaho, 67, 96 Am. St. Rep. 249, 52 Pac. 161; *Jordan v. Giblin,* 12 Cal. 100; *Swain & Marsh v. Chase,* 12 Cal. 283; *Braly v. Seaman,* 30 Cal. 611; *Ricketson v. Richardson,* 26 Cal. 149; *State ex rel. Boyd v. Superior Court,* 6 Wash. 352, 33 Pac. 827; *Reinhart v. Lugo,* 86 Cal. 395, 21 Am. St. Rep. 52, 24 Pac. 1089; Black on Judgments, sec. 232; *Columbia Co. v. Warner Co.,* 138 Cal. 445, 71 Pac. 498.)    When a sheriff makes his return on a summons and certifies that some of the defendants have not been found or served, it is necessary to procure an *alias* summons to serve upon said defendants should they afterward be found, or for publication of said summons by order of the court. (Idaho Rev. Stats., sec. 4141.)    The fifth and sixth assignments of error raise the question of the validity of the writ of assistance, and the error of the court in not setting the same aside.    (*Goodenow v. Ewer,* 16 Cal. 461, 76 Am. Dec. 540; *Burton v. Lies,* 21 Cal. 88; *Harlam v. Rackerby,* 24 Cal. 561; *Mayor of San Jose v. Fulton,* 45 Cal. 316; *Vermont Loan & Trust Co. v. McGregor,* 5 Idaho, 510, 51 Pac. 104, 106.)

Forney & Moore, for Respondent.

This is an appeal from an order refusing to set aside an order for a writ of assistance.    The order that a writ of assistance issue was a special order made after final judgment, and therefore appealable.    This order was made on the twelfth day of May, 1903, but no appeal is taken from that order.    But the appeal herein is prosecuted from the refusal of the court to grant the motion of Smiley to set aside the order granting the writ of assistance.    This we claim is not appealable. (*Davis v. Donner,* 82 Cal. 35, 22 Pac. 879; *Henley v. Hastings,* 3 Cal. 341; *California etc. R. R. Co. v. Southern Pac. R. R. Co.,* 65 Cal. 295, 4 Pac. 13.)    The respondents move this court to dismiss the appeal upon the ground that this court has no jurisdiction for the reason that no notice of appeal was served either upon A. L. Mills or Pauline E. Maupin or Samuel Geer or Thomas M. Morgan or Rachel Morgan or M. J. Shields Com-

pany, a corporation, or C. F. Adams or the Surety Savings and Trust Company, of Portland, Oregon, a corporation. All of these were parties to the action in the lower court and were adverse parties within the meaning of the statute. The question of jurisdiction may be raised for the first time in this court. (Rev. Stats., sec. 4178; *Aram v. Edwards* (Idaho), 74 Pac. 961.) It is clearly apparent from the record that all of the above parties would be affected by a modification or reversal of the judgment rendered by the lower court in this action. (*Titiman et al. v. Alamance Min. Co.*, ante, p. 240, 74 Pac. 529; *Baker v. Drews, et al.*, ante, p. 276, 74 Pac. 1130.)

STOCKSLAGER, J.—In the year 1891, one Pauline E. Maupin was the owner in fee simple of W. ½ of S. E. ¼ and N. E. ¼ of S. E. ¼, section 23, township 39 N., R. 5 west, B. M. On July 6, 1891, she gave to Thomas L. Krutz a mortgage on said land to secure a promissory note for the sum of $175, with ten interest coupon notes attached, the note by its terms becoming due July 6, 1896, and provided for interest at the rate of seven per cent per annum until maturity and twelve per cent until paid. The interest coupon notes were given for the interest on the $175 note and were by their terms due semi-annually, and if not paid when due to bear interest at the rate of twelve per cent per annum.

On said July 6, 1891, she also gave to C. A. Leighton a mortgage on the same land to secure a note for $26.50 in ten equal installments to become due on each six months until they were all paid.

On the twenty-third day of September, 1895, said Krutz assigned to A. L. Mills (plaintiff herein) the note for $175 with the mortgage securing the same.

On the twenty-seventh day of September, 1895, said Leighton assigned the note for $26.50, together with his mortgage securing the same, to said Mills, the plaintiff.

After mortgaging said land said Pauline E. Maupin conveyed the land to one Thomas Childers and said Childers conveyed to Thomas E. Morgan and Rachel, his wife, who, on the second day of February, 1894, conveyed by warranty deed said land to J. L. Smiley, appellant. Said Smiley took possession

of the land February 2, 1894, and continued to live thereupon until May 20, 1903, when he was ejected by the sheriff under a writ of assistance. The land was assessed to Smiley and he paid the taxes thereon for the years 1897, 1898, 1899, 1900, 1901 and 1902.

On the twenty-fourth day of September, 1896, plaintiff Mills filed his complaint in the district court of the second judicial district for Latah county, attempting to foreclose the mortgage given by Pauline E. Maupin to Thomas L. Krutz; also to foreclose the mortgage given by Pauline E. Maupin to C. A. Leighton, and in said action made the following persons defendants: Pauline E. Maupin, a widow, Samuel Geer, Thomas M. Morgan, Rachel Morgan, his wife, M. J. Shields Company, a corporation, C. F. Adams and Security Savings and Trust Company of Portland, Oregon, a corporation.

September 24th a summons was issued against all of said parties. October 16, 1896, the sheriff of Latah county made return on said summons, not finding within the state Pauline E. Maupin, Thomas M. Morgan and Rachel Morgan and others of the defendants. May 17, 1897, an affidavit for publication of summons was made by Edwin T. Coman, one of the attorneys for the plaintiff, and on the same day the court made the order for such publication. December 7th proof of such publication was made and on the same day default was taken against the defendants not found as shown by the summons returned by the sheriff, and decree of foreclosure and sale was entered against the defendant, Pauline E. Maupin, and against said land; order of sale placed in the hands of the sheriff of said county for the sale of said land, which was returned and filed without any action shown by the return on the thirteenth day of January 1898. December 7th plaintiff's attorney moved to vacate the decree of foreclosure and sale heretofore entered, and January 13, 1898, the court granted the motion and made the order.

On the nineteenth day of May, 1902, the court made its findings, conclusions, decree of foreclosure and sale. August 2d, the findings, conclusions and decree were filed for record. August 4th the court ordered the sale of said land by the sheriff;

and on the fifteenth day of August said sheriff gave notice of such sale. September 22d following said sheriff made his re- turn and report of said sale. May 12, 1903, a petition for writ. of assistance was filed in said cause and on the same day the court granted said writ. May 14th thereafter A. J. Green, at- torney for J. L. Smiley, gave notice of motion and also filed a motion to set aside the said writ of assistance. May 15, 1903, said Green, as attorney for Smiley, made and filed an affida- vit on behalf of Smiley setting forth the claim of Smiley to said land. Counter-affidavits denying said claim were not filed, and on the same day the motion to set aside the writ of assist- ance came up for hearing before the court, and after argument the motion was denied. May 20th the sheriff executed the writ. by ejecting said Smiley from the said land and premises. The deed from the Morgans to appellant Smiley was not placed on record until the thirteenth day of May, 1903, more than nine years after its execution.

At the sale of the property under the foreclosure proceedings, George Thorp was the purchaser, and after the time for redemp- tion had elapsed he received his deed.

These facts are obtained from the record and from the state- ment of counsel for appellant and respondent.

October 6, 1903, respondent George Thorp, through his counsel, appearing specially, filed the following motion: "Now comes Geo. Thorp, respondent in the above-entitled action, and appearing specially for the purpose of the motion and none other, moves this honorable court to dismiss the appeal in the above-entitled cause and for such other and further order as may be just in the premises. This motion is based upon the ground that the order from which said appeal is prosecuted is not an appealable order, and secondly that the court has no jurisdic- tion to hear and determine said appeal. Said motion will be based on the records, papers and files in the above-entitled. cause."

In support of this motion counsel for respondent cites *Cali- fornia etc. R. R. Co. v. Southern Pac. R. R. Co.,* reported in 65 Cal. 295, 4 Pac. 13. The entire opinion is short. It says: "This is an appeal from an order denying a motion made by the defendant to set aside the final order of condemnation made in

certain condemnation proceedings. The order denying the motion is not appealable. It was as said in *Henly v. Hastings,* 3 Cal. 342, the mere negative action of the court declining to disturb its first decision. It is that decision which is the proper subject of complaint and the refusal to alter it any number of times would not make it less so."

In *Davis v. Donner et al.,* 82 Cal. 35, 22 Pac. 879, the syllabus says: "An order granting a writ of assistance is appealable as being an order made after final judgment, but a refusal to grant a motion of a party to the action to set aside such order is not appealable and an appeal therefrom will be dismissed. The mere negative action of a court declining to disturb its final decision is not reversible." This syllabus is fully carried out by the opinion.

Counsel for appellant in opposition to this motion call our attention to *People v. Grant et al.,* 45 Cal. 97. We quote from the syllabus: "One who is not a party to the record cannot appeal from an order granting a writ of assistance. Such person must move to vacate the order granting the writ, and in that way place himself on the record, and then if the motion is denied, appeal from the order denying his motion, or if the writ is executed, move to be restored to the possession, and if the motion is denied, take his appeal."

In the case of the *Mayor and Common Council of the City of San Jose v. Robert Fulton et al.,* 45 Cal. 316, the syllabus says: "When application is made for a writ of assistance under a sheriff's sale enforcing the lien of a tax, notice should be given to the defendant and also to the terre tenant, if there be one, who will be disturbed by execution of the writ. An appeal lies from an order refusing to vacate an order granting a writ of assistance. A motion may be made to vacate an *ex parte* order granting a writ of assistance."

It would seem from these decisions that the rule in California is that if a party were not a party to the suit at the time of the issue of the writ of assistance he may come in and file his motion, as was done in the case at bar, and ask to have the order set aside, and in case of refusal appeal from the order denying his motion. On the other hand, if a party to a suit at the time of the issue of the writ, he would be required to appeal from

the order granting the writ. We think this the correct and equitable rule.

It would seem harsh to hold that one who has never been a party to the action should be precluded from a hearing on a motion to vacate and set aside the order granting the writ. This is especially true when it is the only way in which he could reach the order complained of. The motion to dismiss the appeal is denied.

This brings us to a consideration of the motion of appellant to set aside the writ of assistance. The motion follows: "Now comes J. L. Smiley, by his attorney, A. J. Green, and moves the court to set aside the writ of assistance issued by the said court in the above-entitled action on the twelfth day of May, 1903, in which said order states that the said J. L. Smiley had come into the possession of said land under direction of the defendants in said cause since the commencement of this action. Said motion will be based upon the affidavit of J. L. Smiley and record evidence showing that the said J. L. Smiley purchased said land of the legal owner for a valuable consideration on February 2, 1894, and has resided upon said land ever since, and has had no notice of said action or of any action against said land."

The fact that the court did not sustain this motion is assigned as error. We are only called upon to pass upon the question raised in the lower court. In view of this conclusion, what do we find was presented to the lower court by this motion? To do this we must examine the affidavit in support of the motion. It is alleged in both motion and affidavit that appellant secured his deed from Thomas M. Morgan and wife on or about the second day of February, 1894, and by the record shown that such deed was not filed for record in Latah county until the thirteenth day of May, 1903, after he was shown the sheriff's deed to said premises to George Thorp. Appellant insists that he should have been made a party to the foreclosure proceedings. This might, and doubtless would be true in the absence of section 4520 of our statute, which, among other things, says: "No person holding a conveyance from or under the mortgage of the property mortgaged, or

having a lien thereon, which conveyance or lien does not appear of record in the proper office at the commencement of the action, need be made a party to such action."

This motion is based upon the theory that the writ of assistance should be set aside, for the reason that appellant had purchased the land, lived upon it and paid the tax due for a number of years and had not been made a party to the action. He says he knew nothing of the pendency of the suit, but this does not excuse him from the requirements of the section of the statute above referred to. Had he placed his deed upon the records of the county there could and would be no question but that he would have been made a party defendant, and if not, then he could have his remedy in the courts.

The motion to set aside the writ of assistance is denied, with costs to respondents.

Sullivan, C. J., and Ailshie, J., concur.

---

ON REHEARING.

(May 14, 1904.)

## MILLS v. SMILEY.

[76 Pac. 786.]

SERVICE OF NOTICE OF APPEAL—SERVICE OF SUMMONS BY PUBLICATION—
AFFIDAVIT FOR PUBLICATION—ORDER OF PUBLICATION—JURISDICTION.

1. Where a judgment and decree of foreclosure has been entered and a sale thereunder has been made to a person not a party to the action, in satisfaction of such judgment, and a writ of assistance has been issued against a person not a party to the foreclosure suit, it is not necessary that a notice of appeal from the order granting such writ be served on all the parties to the foreclosure action.

2. An affidavit for publication of summons which states "that due and diligent search has been made for the defendants, and that said defendants cannot be found within the state of Idaho," without stating the facts which constitute such "due and diligent search," is insufficient to authorize the making an order for publication and an order and publication made thereon is without jurisdiction, and void.

3. An affidavit in such case should show whether the defendant is a resident or nonresident of the state, and his last known place of residence, or if unknown such fact should appear.

4. In case of service by publication upon a nonresident or absent defendant where his place of residence is known, the order must direct a copy of the summons and complaint to be mailed to such defendant at his place of residence.

5. The return of an officer showing that he could not find a defendant in his county seven months prior to the application for the order of publication is not evidence of the absence of the defendant at the time of such application, and cannot be properly considered in making the order.

6. In order to acquire jurisdiction by publication of summons, all the statutory requirements authorizing such service must receive a substantial compliance.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District. in and for the County of Latah. Honorable E. C. Steele, Judge.

From an order denying a motion to vacate and set aside a writ of assistance defendant appeals. Reversed.

A. J. Green and S. S. Denning, for Appellant.

Forney & Moore, for Respondent.

AILSHIE, J.—After the filing of the opinion in this case the appellant presented a petition for a rehearing, urging strongly the want of jurisdiction in the lower court to issue the writ of assistance complained of in the case. Upon that petition a rehearing was granted and the case was again argued at the March term of this court. Prior to the last argument the respondent filed another motion to dismiss the appeal based on the grounds that notice of appeal was not served upon A. L. Mills, Pauline E. Maupin, Samuel Geer, Thomas M. Morgan, Rachael Morgan, M. J. Shields Company, a corporation, C. F. Adams and the Security Savings and Trust Company, or either of them. All of these parties were parties to the original foreclosure proceedings. It is claimed that upon the authority of *Titiman v. Alamance Min. Co., ante,* p. 240, 74 Pac. 529, and *Baker v. Drews, ante,* p. 276, 74 Pac. 1130, decided by this court, the appeal should be dismissed. This case does not fall within the rule announced in those cases, for the reason that this appeal is not taken from the judgment of foreclosure

entered in the original case, but is rather an appeal questioning the authority of the court to issue a writ of assistance in favor of the purchaser at an execution sale. Whatever conclusion we may reach on this appeal, we cannot "reverse, affirm or modify" the judgment entered in the foreclosure case. This controversy arises solely between the purchaser and the party in possession, and our decision upon this appeal can only "reverse, affirm or modify the order of judgment" of the court in granting and refusing to vacate the writ of assistance. The only parties to that writ, or who will be, within the meaning of this statute, affected by the decision on this appeal are Thorp and Smiley. The motion to dismiss the appeal will therefore be denied.

Upon the reargument of this case much stress has been placed on the insufficiency of the judgment-roll in the original case to show jurisdiction in the court to render the judgment and decree upon which the sale to Thorp was made and for the enforcement of the terms of which sale the writ was issued. At the first hearing our attention was directed principally to appellant's right to appeal in such case, and the application of the provisions of section 4520 of the Revised Statutes to a party in possession holding an unrecorded deed at the time suit is commenced, and therefore the question of jurisdiction was not considered by us in the former opinion.

Upon the hearing before the district judge on the motion to vacate and set aside the writ of assistance, the judge had before him the judgment-roll in the original foreclosure proceeding, the petition for writ of assistance, the writ of assistance, notice of motion, motion and the affidavit of A. J. Green, together with the deed of conveyance from Thomas M. Morgan and wife to the appellant Smiley, and the record on appeal contains all the papers used upon the hearing in the lower court. For the purpose of ascertaining whether or not the writ of assistance was properly issued, we will look to the record made in the foreclosure suit to see if the court had obtained jurisdiction to enter the decree therein. (*Vermont Loan etc. Co. v. McGregor,* 5 Idaho, 510, 51 Pac. 104.)

Much of the history of this case is recited in the original opinion by Mr. Justice Stockslager, and we therefore recite only such further facts as are necessary to a complete understanding of the question here discussed. Personal service of summons was made only upon M. J. Shields Co., a corporation, and Samuel Geer, and the sheriff after certifying to the service of summons upon these two parties, further says in his return: "I hereby certify that I received the within summons on the twenty-fourth day of September, A. D. 1896, and after diligent search and due inquiry, I have failed to find the within-named defendants, Pauline E. Maupin, Thomas M. Morgan, Rachael Morgan, C. F. Adams and Security Savings and Trust Company, a corporation, in Latah county, state of Idaho, being five of the defendants named in the said summons."

This return was made on the sixteenth day of October, 1896, and on the twenty-seventh day of May, 1897, an affidavit for publication of summons was made and filed as follows:

"Edwin T. Coman, being first duly sworn upon oath, deposes and says that he is agent and one of the attorneys for the plaintiff in the above-entitled action; that due and diligent search has been made for the defendants Pauline E. Maupin, Thomas M. Morgan, Richael Morgan, C. F. Adams and the Security Savings and Trust Company of Portland, Oregon, a corporation, and that said defendants cannot be found within the state of Idaho.

                                    "EDWIN T. COMAN."

And on the same day that the affidavit was made the district judge entered his order for publication of summons as follows:

"This cause coming on to be heard this seventeenth day of May, 1897, before the Honorable W. G. Piper, judge of the above-entitled court. The court having before it the files in the cause including the original summons with the sheriff's return thereon, and the affidavit of Edwin T. Coman, one of the attorneys, for the plaintiff, and it appearing from the files and affidavit that the defendants Pauline E. Maupin, Thomas M. Morgan, Rachael Morgan, C. F. Adams, and the Security Sav-

ings and Trust Company are nonresidents of the state of Idaho, and that they cannot be found after due and diligent search within the state of Idaho, and therefore it is considered and ordered that said defendants Pauline E. Maupin, Thomas M. Morgan, Rachael Morgan, C. F. Adams and the Security Savings and Trust Company be served by publication of said summons herein in the 'Moscow Mirror,' a paper published in the city of Moscow for once each week for six consecutive weeks.

"Done in open court this seventeenth day of May, 1897.

"W. G. PIPER,

"Presiding Judge."

The summons was thereafter published in the "Mirror," of Moscow, and proof thereof was made and filed on the seventh day of December, 1897. None of the defendants appeared and default was entered against each and all of them, and judgment thereafter was rendered and entered and proceedings had as set forth in the original opinion in this case.

By the provisions of our statute, constructive service may be made in certain cases upon the happening of the contingencies therein enumerated. Section 4145, Revised Statutes, provides: "When the person on whom the service is to be made resides out of the territory, or has departed from the territory, or cannot, after due diligence, be found within the territory, or conceals himself to avoid the service of summons, or is a foreign corporation having no managing or business agent, cashier, or secretary within the territory, and the fact appears by affidavit to the satisfaction of the court or a judge thereof, or a probate judge, and it also appears by such affidavit, or by the verified complaint on file that a cause of action exists against the defendant, in respect to whom the service is to be made, or that he is a necessary or proper party to the action, such court or judge may make an order that the service be made by the publication of the summons." This statute enumerates the ultimate facts which the evidence submitted to the judge by "affidavit" must enable him to find before he can make the order. This affidavit is not in the nature of a pleading, but is strictly the evidence the plaintiff is required to submit to establish the

ultimate facts the statute demands to be found before the order of publication can be made. If, then, the affidavit submitted only states the ultimate and not the probative facts, the plaintiff, instead of the judge, would. be determining what constitutes "due diligence," and the other facts required, and there would be no reason or necessity for an order at all, but the affidavit alone might serve that purpose. This is neither the purpose nor intention of the statute: The law requires the plaintiff to make a showing by affidavit as to what he has done in order to obtain personal service, and what effort he has made to find the party to be served, and where such party resides, etc.; and upon such showing of facts the judge to whom it is presented will determine judicially whether or not the probative facts thus shown are sufficient to bring the plaintiff within the provisions of section 4145, *supra,* and entitle him to the order. The conclusion as to "due diligence," etc., cannot be left to the affidavit-making judgment and discretion of the plaintiff, but must be reserved to the judge. It is a legal conclusion to be derived from the facts as presented by the evidence, viz., the affidavit.

This statute became the subject of judicial consideration in California at an early date, and in *Ricketson v. Richardson,* 26 Cal. 154, the court said: "It is not sufficient to state, generally, that after due diligence the defendant cannot be found within the state, or that the plaintiff has a good cause of action against him, or that he is a necessary party; but the acts constituting due diligence or the facts showing that he is a necessary party, should be stated. To hold that a bald repetition of the statute is sufficient, is to strip the court or judge to whom the application is made of all judicial functions and allow the party himself to determine in his own way the existence of jurisdictional facts—a practice too dangerous to the rights of defendants to admit of judicial toleration. The ultimate facts stated in the statute are to be found, so to speak, by the court or judge from the probatory facts, stated in the affidavit, before the order for publication can be legally entered."

This case has been repeatedly cited with approval by state and federal courts, as may be seen by an examination of the

notes on the case in volume 2, Notes on California Reports, at page 407. See, also, *McCracken v. Flanagan,* 127 N. Y. 493, 24 Am. St. Rep. 481, 28 N. E. 385; *Alderson v. Marshall,* 7 Mont. 296, 16 Pac. 576; *Roberts v. Roberts,* 3 Colo. App. 6, 31 Pac. 941; *Columbia Screw Co. v. Warner Lock Co.,* 138 Cal. 445, 71 Pac. 498; *Romig v. Gillett,* 10 Okla. 186, 62 Pac. 805; *Rue v. Quinn,* 137 Cal. 651, 66 Pac. 216, 70 Pac. 732.

In *Strode v. Strode,* 6 Idaho, 67, 96 Am. St. Rep. 249, 52 Pac. 161, this court announced in the syllabus to the case and as the rule of law in this state, that: "Unless affidavits are filed showing that all of the requirements of the statute authorizing service by publication have been complied with, the court has no jurisdiction to enter judgment and decree."

We are aware that a somewhat different rule from that herein announced has been adopted by some courts, but we do not think it good law and cannot follow it.

It will be seen from an inspection of the affidavit made in this case for publication of summons that no pretense was made at showing the residence of any of the defendants, nor was it alleged that they were nonresidents of the state, but simply charged "that said defendants cannot be found within the state of Idaho." This was a material fact and should have been shown. In making affidavits of this kind it should appear therefrom whether the defendant is a nonresident of the state or conceals himself to avoid service, or, if a resident of the state, is absent therefrom and cannot be found. The party making the affidavit must certainly be able to state the last known place of residence of the defendant or the fact that he has been unable to find where the defendant does actually reside. He can at least state the facts of the case. Section 4146 of the Revised Statutes provides some of the things that the order of the judge must direct, and, among other things, says: "In cases of publication where the residence of a nonresident or absent defendant is known, the court or judge must direct a copy of the summons and complaint to be forthwith deposited in the postoffice, directed to the person to be served at his place of residence." It is therefore made necessary that the affidavit

should show defendant's place of residence, and if it cannot, then the fact should appear that his place of residence is not known and cannot be ascertained. In this case the order for publication failed to direct the mailing of the summons and complaint; indeed, there was no information before the judge which would enable him to direct the mailing. (*Rickertson v. Richardson, supra; Ligare v. California etc. R. R. Co.,* 76 Cal. 614, 18 Pac. 777.) It is urged by the respondent that the judge not only had the affidavit before him, but also had the sheriff's return on the summons before him, and that from the two he might gather that the defendants were nonresidents. We do not think such inference justified, and besides the judge had no right to consider the return of the sheriff indorsed on the summons, for the reason that the return was made on the sixteenth day of October, 1896, while the affidavit for publication was not made until the seventeenth day of May, 1897, a period of seven months subsequent to the sheriff's return. The fact that the defendants could not be found within Latah county on the sixteenth day of October, 1896, is no evidence that they could not be found therein on the seventeenth day of May, 1897. Especially would this be true had the defendants been residents of the county upon the former date, and had been only temporarily absent from the county. This alone illustrates the necessity for the affidavit showing whether or not the defendants were residents of the state.

It has been suggested by the respondent that since, according to appellant's own contention, the defendants Maupin and Morgan and wife had parted with their legal title to the land mortgaged and had conveyed the same to the appellant, who had failed to record his conveyance, that it therefore became necessary to serve those defendants. The trouble with this argument is that it proves too much. If respondent's theory is correct that the provisions of section 4520 of the Revised Statutes apply to a case like this, and that it was unnecessary for the plaintiff in the foreclosure proceeding to serve the owner of the legal title who held an unrecorded deed, and that it was also unnecessary to serve his grantors who had executed the

mortgage because they had parted with their title, they would then be left in the anomalous position of foreclosing their mortgage without serving anybody.

It is clear to us that they were under the necessity of either serving the holders of the record title or the holders of the legal title, or both. In this case they did neither. The service by publication upon the defendant Maupin and those defendants through whom the legal title passed from Maupin to Smiley was void and ineffectual for any purpose, and no pretense is made at ever having served Smiley, in whom the legal title had been vested ever since February 2, 1894.

Our examination of the record in this case convinces us that the court was without jurisdiction to enter the judgment and decree under which the sale to Thorp was made, and the court was therefore without jurisdiction to issue the writ of assistance complained of in this case. (*Vermont Loan & Trust Co. v. McGregor, supra.*) The order appealed from is vacated and the cause is remanded, with instructions to the trial court to vacate and set aside the writ of assistance in this case.

Each party to pay his own costs.

Sullivan, C. J., and Stockslager, J., concur.