(November 19, 1898.)

## APPLINGTON v. G. V. B. MINING COMPANY.

[55 Pac. 241.]

DEFAULT JUDGMENT—SERVICE OF SUMMONS—JUDGMENT-ROLL.—On appeal from a default judgment against a foreign corporation who has not appeared in the action, the judgment-roll must contain evidence of the service of the summons upon that person designated by such corporation upon whom process is to be served under the provisions of section 2653, Revised Statutes, or else upon one of the agents or officers of such corporation mentioned in subdivision 2 of section 4144, Revised Statutes, and if such evidence of service of summons does not appear in the judgment-roll, the judgment will be reversed on appeal.

(Syllabus by the court.)

APPEAL from District Court, Blaine County.

Texas Angel, for Appellant.

No brief filed.

A. F. Montandon, for Respondent.

Before the filing and service of the notice of appeal in this cause, which was filed and served December 14, 1897, defendant filed and served its general appearance. By a general appearance defendant gave the court immediate jurisdiction over its person (Code, sec. 4892), and thereby cured any defect in the service of summons upon it. If before the general appearance the judgment complained of was invalid because of insufficient service or an insufficient return, by the general appearance it was made valid, and thereby became and thenceforth was a perfect and valid judgment. (*Steinbach v. Leese,* 27 Cal. 299; *Glidden v. Packard,* 28 Cal. 649; *Moore v. Koubly,* 1 Idaho, 55; *Curtis v. Walling,* 2 Idaho, 416, 18 Pac. 54.)

QUARLES, J.—This action was commenced by the respondent, as plaintiff, against the appellant, as defendant, to recover upon eight several promissory notes executed by the appellant to divers parties, and by the several payees assigned to the respondent. Each of said notes was executed prior to Jan-

uary 1, 1897, and drew interest from date at the rate of eighteen per cent per annum, and the complaint alleges that interest was paid on each of said notes to January 1, 1897. The complaint alleges that the defendant is a corporation organized and doing business under the laws of the state of New York, and operating mines in Blaine county, Idaho. The complaint was filed January 12, 1897, and summons issued that day, and was placed in the hands of the sheriff of Blaine county, who returned that he served the same, with a copy of the complaint in the action, "by delivery to and leaving with Mrs. Nancy Thurber, the president of said G. V. B. Mining Company, a corporation, in the county of Blaine, on the thirteenth day of January, a copy of said summons," etc. The prayer for judgment in the complaint is as follows: "Wherefore plaintiff demands judgment against defendant for the sum of thirteen thousand two hundred forty-one dollar and fifty-six cents, with interest thereon from the first day of January, 1897, at the rate of one and one-half per cent per month, for two hundred fifty dollars attorney fee, and costs." The notice in the summons, and required by subsection 4, section 4140 of the Revised Statutes, is as follows, to wit: "And you are hereby notified that if you fail to appear and answer the said complaint, as above required, the said plaintiff will take judgment by default for the sum of $13,241.65, with interest thereon from the first day of January, 1897, at the rate of one and one-half per cent per month." The defendant having failed to appear, its default was entered by the clerk, and thereupon judgment was entered against the defendant by the clerk on the twenty-eighth day of January, 1897, for $13,670.30, and costs, taxed at $12.55. From this judgment the defendant corporation appeals, and this cause is before us upon the judgment-roll, which, under the provisions of section 4456 of the Revised Statutes consists in this case of "the summons with the affidavit or proof of service, and the complaint, with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment." This appeal is to be decided upon the judgment-roll solely.

No question as to the sufficiency of the complaint arises. The appellant contends that the certificate of service of summons

made by the sheriff, the material part of which is hereinbefore quoted, shows that the summons was not served upon any agent or person upon whom such service could be legally made, for which reason the defendant had not been summoned, and the judgment was without jurisdiction, and void. We think this contention is correct. Section 2653 of the Revised Statutes provides, *inter alia,* that a foreign corporation doing business in this state must, by writing filed with the clerk of the district court in the county in which its principal place of business is, and also with the Secretary of State, "designate some person residing in the county where the principal place of business of such corporation in this state is conducted, upon whom process," etc., "may be served; and that service upon such person shall be valid service upon such corporation." It is provided in section 4144 of the Revised Statutes that: "The summons must be served by delivering a copy thereof, as follows: 1. If the suit is against a corporation formed under the laws of this state to the president or other head of the corporation, secretary, cashier, or managing agent thereof; 2. If the suit is against a foreign corporation . . . . doing business and having a managing or business agent, cashier or secretary within this state to such agent, cashier or secretary." Now, the proof of service in the record before us is silent as to whether a designation in writing of a person residing in Blaine county upon whom process might be served for and on behalf of the foreign corporation defendant was on file in the office of the district clerk of said county, or in the office of the Secretary of State or not, while said proof of service shows that such service was made upon Mrs. Thurber, the president of the defendant corporation, and does not show that she was the "managing" or "business" agent or "cashier" or "secretary" of the defendant corporation. We cannot presume that Mrs. Thurber was a managing or business agent, or that she was a secretary or cashier of the company. A service of summons on a foreign corporation, to be good, must be made in the manner prescribed by the statutes. Under the provisions of sections 2653 and 4144 of the Revised Statutes, the service of summons shown by the certificate of the sheriff in the record before us cannot be held good.

For want of proof of a valid service of the summons, the clerk had no jurisdiction to enter the judgment. (See the case of *Trust Co. v. McGregor,* decided by this court, and reported in **5** Idaho, 510, 51 Pac., at page 104, and authorities there cited.) Then the clerk entered judgment for over $200 more than the amount specified in the notice in the summons above quoted. This was error, but as to the effect of this error in the absence of other error it is not necessary for us to decide. Judgment reversed, with costs to appellant.

Sullivan, C. J., and Huston, J., concur.