SYRACUSE TRUST COMPANY, a corporation of New York, Executor of the Last Will and Testament of John Card, deceased, *v.* ANNA V. KELLER and INTERSTATE TRANSIT, INC., a corporation of the State of Ohio.

SYRACUSE TRUST COMPANY, a corporation of New York, Executor of the Last Will and Testament of John Card, deceased, *vs.* HOWARD WILLIAMS and STEWART SMITH.

SYRACUSE TRUST COMPANY, a corporation of New York, Executor of the Last Will and Testament of John Card, deceased, *v.* ANDREW A. KELLER and INTERSTATE TRANSIT, INC., a corporation of the State of Ohio.

(*November* 21, 1932.)

PENNEWILL, C. J., RICE and HARRINGTON, J. J., sitting.

*John Biggs, Jr.,* for plaintiff.

*James R. Morford* for. Interstate Transit, Inc., and Stewart Smith, defendants.

Superior Court for New Castle County, Nos. 145 and 146, January Term, 1932, and 129, March Term, 1932.

PENNEWILL, C. J., delivering the opinion of the Court:

The argument of defendant in cases 145 and 129 is mainly to the point that a suit cannot be maintained against a corporation after a general receiver has been appointed therefor. We are unable to see what this contention has to do with the service of process, the validity of which is attacked. Special appearance by a defendant is, as we understand it, for the purpose of showing that the

service was invalid, and not that the plaintiff had sued the wrong party.

What questions can be raised under a special appearance? In 4 *Corpus Juris*, at 1316, it is said:

"An appearance is special where it is made for the purpose of objecting to the jurisdiction of the Court over the person of the defendant because of want of process, because of defects in the process or in the service thereof, because the process is void or illegal, or because the action was brought in the wrong county or judicial district."

Generally speaking, it may be said that special appearance is entered for the purpose of showing lack of jurisdiction.

The suits in question were brought against the corporation and not against the receiver, and the real question before the Court under the special appearance of defendant, is whether legal service of process was made on the party sued.

The statute involved in this case, *Chapter* 225, *Section* 2, *Volume* 35, *Laws of Delaware,* provides that

"Service of the legal process provided for in *Section* 1 hereof * * * shall be made upon the Secretary of State of the State of Delaware in the same manner as is now or may be thereafter provided by law for service or writs of summons, and when so made shall be as effectual to all intents and purposes as if made personally upon such non-resident within this State; provided, that a copy of the process with notice of such service, and that under the provisions of this Act it shall be as effectual to all intents and purposes as if it had been made upon such non-resident personally within this State, are forthwith sent by registered mail by the plaintiff in said civil action to said nonresident defendant therein, and the defendant's return receipt and the plaintiff's affidavit of the defendant's non-residence and of the sending of the copy of the process with the notice aforesaid are filed in the said action with the declaration."

The contention of the defendant upon this point is, that

"the return receipt filed with the declaration in this cause and signed 'Interstate Transit, Inc., (addressee) by Helen McClure (addressee's agent)' is not the 'defendant's return receipt' within the meaning of the statute above mentioned."

It is not denied by the defendant that a letter containing the information required by the statute to be given the defendant was sent by the plaintiff to the defendant by registered mail to the defendant's·address, and there received by one Helen McClure, who claimed to represent the defendant and who gave a receipt for the letter in the following language:

"Interstate Transit, Inc., Helen McClure"
"Addressee's Agent"

This receipt was sent by due course of mail to the plaintiff who filed it with the declaration.

It is not claimed by the defendant that the registered letter the plaintiff is required to send to the defendant must be received by the defendant personally; it may be received and receipted for by its agent, and such a receipt, given to the Post Office Department, is binding on the principal. It is not denied that Helen McClure was the agent or representative of the defendant corporation, and authorized to receive registered mail addressed to the defendant at the time the receipt was given. It is not denied that said letter for which a receipt was given by Helen McClure was received by the defendant corporation, which was still in existence notwithstanding the receivership. The defendant is here, under special appearance, contesting the legality of the service because a proper receipt for the letter was not filed with the declaration.

In the case of *Shushereba v. Ames,* 255 *N. Y.* 490, 175 *N. E.* 187, 188, where the statute involved was very similar to our own, the Court said:

"The statute requires that the 'defendant's return receipt' shall be filed. It does not expressly or·by fair implication require that the 'defendant's return receipt' shall be signed personally by the defendant. The requirement is fully complied with by filing a 'return receipt' given in·accordance, with the rules or customs·of the Post Office Department by the defendant or by some other person authorized to receive registered mail addressed to the defendant. The Legislature cannot .have,·intended· that the· 'defendant's return receipt' should have any narrower or different meaning. It provides for

transmission of notice by registered mail—a method which, with almost absolute certainty, insures delivery to the place of address, and the return receipt of the addressee made out in accordance with the forms provided by the Post Office Department affords, at least, reasonable certainty that the notice has been delivered to the proper person. The receipt is no less the defendant's receipt if signed by the defendant's agent than if signed by himself.

"It may, it is true, be urged that the assertion of authority by the person signing as agent of the defendant is no proof that such authority exists. With equal force it might be urged that the filing of a return receipt which purports to be signed by the defendant does not prove the genuineness of the signature. In both cases there may be a possibility that the return receipt is in fact not the 'defendant's return receipt,' and that the notice was not received by the defendant or his agent. That possibility is not so great that the court may not assume, at least, in the absence of contrary assertion by the defendant, that the notice was delivered by the Post Office Department to the person to whom it was addressed or to one authorized to receive mail in his behalf."

The reasoning of the Court in another case, *Gesell v. Wells,* 229 *App. Div.* 11, 240 *N. Y. S.* 628, 633, affirmed by the Court of Appeals of that State, 254 *N. Y.* 604, 173 *N. E.* 885, is equally interesting when considered in connection with the facts in the instant case:

"It appears, however, that the postman did not deliver the registered letter to Jeffery Wells personally. Instead, the other defendant (the father) received both letters and signed the son's name as well as his own to the son's return receipt. All that Jeffery Wells says in this connection in his affidavit submitted on the motion is 'that deponent has never had a summons or complaint herein in his possession nor has a summons or complaint herein ever been delivered to him either personally or by mail or by other means, except a letter containing a summons and complaint was received by Lewis A. Wells and mailed to insurance company.' Therefore it appears that he had knowledge of the receipt of the papers, the contents of the envelope, the signing for him of the receipt by his father and of their disposition, which is exactly the same, undoubtedly, as would have been made had they been delivered into his hands. He has, in effect, adopted and ratified the thing done; and has turned over to the insurance company the duty of defending this action just as would have been done had he received the mail in his own hands and receipted for it personally."

As before stated, it is not denied that a letter containing all the information the statute requires the plaintiff to give to the defendant was received at the address of the defendant by a person who claimed to be the agent or representative of the defendant, and who gave to the Post

Office Department a return receipt which was filed with the declaration as the statute required.

The defendant does not claim that Helen McClure, who gave the return receipt, as agent for the defendant, was not authorized to give it, and in the absence of such claim we hold that the return receipt given by her was as effective as though it had been given by the defendant personally.

While the plaintiff's right to sue the corporation when a general receiver has been appointed therefor, may not be properly raised under defendant's special appearance the Court are willing to express an opinion thereon because both parties have argued the question at considerable length and a decision now may expedite the final disposition of the case.

The defendant has cited cases which hold that a corporation cannot maintain an action in its own name after a general receiver has been appointed. This rule of law is not disputed. A general receiver takes over the business of the corporation as well as its assets, and if a suit is to be brought to recover something due the corporation the receiver institutes it because he is entitled to all its assets. Therefore, in the cases relied on by the defendant, it was held that the receiver was the only party that could sue for a cause of action belonging to the corporation. And it may also be true that a general receiver must defend actions brought against the corporation. But to hold that a corporation, for which a general receiver has been appointed, and which is still existing, cannot be sued and made a party defendant by a creditor in a jurisdiction other than that of the Court appointing the receiver is a very different proposition, and we have seen no authority that sustains it. If such creditor should be required to sue the receiver, and before entering suit obtain the consent of the court making the appointment, there would be imposed on such creditor an intolerable hardship, and one the law

does not contemplate. Consent might be withheld, or refused entirely, and any redress by the foreign creditor made impossible. The defendant admits there are many cases which hold that suit may be brought against an existing corporation notwithstanding receivership, but claims that in all such cases the receivership was not general but equitable or limited. There is, of course, a distinction between a general receivership and one that is called "equitable," and it has been recognized by the Chancellor of this State in the case of *McKee v. Standard Minerals Corp.*, 18 *Del. Ch.* 97, 156 *A.* 193.

The defendant says in its brief:

"Testing this case as we must by our own authorities relating to Delaware receiverships, we find no case where the Chancellor has specifically held that an action may not be instituted against the corporation *qua* corporation after the appointment of a receiver under *Code Section* 3883."

But the defendant argues that by fair inference the Chancellor has so decided in the *McKee Case*. We do not think such an inference can be fairly drawn from that case. We have seen no case in which it has been held that a foreign creditor, outside the jurisdiction of the Court that appointed the receiver, cannot maintain an action against the corporation, still in existence, notwithstanding there has been appointed a general receiver for the corporation.

The only case cited by the defendant which holds that a creditor cannot maintain an action against a corporation after a receiver has been appointed, without the consent of the Court making the appointment is *Cooper, et al., v. Phila. Worsted Co.* (*N. J. Ch.*), 57 *A.* 733, 735, wherein the Court said:

"The rule is that no person can bring an action against a corporation after a receiver has been appointed without the consent of the court. But as to actions pending at the time of the appointment of the receiver, they can go on to judgment even without making the receiver a party. It is the privilege of the receiver to be substituted

for the corporation, if he so desires, and makes application for that purpose."

The Court stated the general rule, but it will be observed that this case was brought in the State where the receiver had been appointed, and not in a jurisdiction other than that of the Court which made the appointment.

It is true that in the decree of the Court appointing the receiver for the defendant corporation, all creditors are enjoined and restrained from instituting or prosecuting or continuing the prosecution of any suits at law or actions or proceedings in equity or admiralty against the defendant in any Court of Law or Equity or Admiralty.

In the case of *Western Union Telegraph Co. v. Pacific & Atlantic Telegraphic Co.*, 49 *Ill.* 90, 94, it was sought to have an injunction extended so as to restrain the attachment of their wires to poles located in the State of Indiana. The Illinois Supreme Court said:

"The jurisdiction of our courts is only co-extensive with the limits of our State. They can not legally send their process into other States and jurisdictions for service. If the exercise of such a jurisdiction were attempted, and an injunction granted, and it should be disobeyed by persons in Indiana, this court would be powerless to enforce the injunction by attachment, and hence, the effort to exercise such a power would be readily defeated. * * *

"The courts of this State can not restrain citizens of another State, who are beyond the limits of. this State, from performing acts in another State, or elsewhere outside of, and beyond the boundary lines of this State. Any other practice would necessarily lead to a conflict of jurisdiction."

See, also, *Ex parte Equitable Trust Co.* (*C. C. A.*), 231 *F.* 571, 591; *Fitzgerald v. Fitzgerald & Mallory Con. Co.*, 41 *Neb.* 374, 59 *N. W.* 838; *Acme Harvester Co. v. Beekman Lumber Co.*, 222 *U. S.* 300, 32 *S. Ct.* 96, 56 *L. Ed.* 208.

It is the opinion of the Court that the plaintiff had a right to institute the suits in question notwithstanding the receivership, and that it was not necessary to make the receiver a party. It may be that the receiver might be permitted to intervene in the case.

It is also the opinion of the Court that the "return

receipt" filed by the plaintiff with its declaration was the receipt of the defendant, and a compliance with the statute in that regard.

In the remaining case, No. 146 to January Term, 1932, the ground for the special appearance of the defendant, Smith, is stated to be the failure of the plaintiff to file with its declaration any return receipt for the registered letter required to be sent to the defendant, coupled with the admitted fact that a copy of the process with notice of such service required to be sent by the plaintiff to the defendant was never received by the defendant. It is not denied that such copy and notice were sent by registered mail to defendant's supposed address, but the letter containing the information was not received. It was returned by the Post Office Department with the notation that the addressee had moved from the address to which the letter was sent, with his present whereabouts unknown.

The sole question, therefore, to be decided in this case is whether there was legal service of process when the registered letter required by the statute to be sent by the plaintiff to the defendant was sent but not received, and when the return receipt required to be filed with plaintiff's declaration was not filed.

It is obvious that the important requirement is, that the letter be sent to the defendant, and it is also obvious that the filing of a return receipt for such letter is intended to furnish information that the letter was received by the addressee. The statute does not provide that the letter be sent to the defendant's supposed, or last known address. It requires that it be sent to the defendant, and it is the duty of the plaintiff to comply with that requirement. Such compliance is shown by a return receipt.

It may be assumed that the plaintiff used reasonable diligence in giving the defendant the required notice by sending a registered letter to his supposed address, containing the information he was bound to give, but this is

not enough. The statute contemplates that service of process shall be made in a way other than personal, and under the law applicable to such service the statute must be strictly construed and followed. If not so followed the service is insufficient and the Court without jurisdiction.

While service of process under the statute is not service by publication, it is analogous thereto. It is in the nature of constructive service, and the law relating to such service is clear and undisputed.

It is well stated in 50 *C. J.*, § 105, at 497, as follows:

"And inasmuch as service of process by publication is in derogation of common law, the statutes authorizing it are subject to strict construction and must be strictly complied with to render such service valid and give the Court jurisdiction. Every step required to be taken by the statute is essential to the validity of the service, and if any of the steps necessary to secure it are omitted, the Court will not obtain jurisdiction over the defendant to render judgment and this is so although defendant may have had actual notice. Furthermore, the method provided by statute for acquiring jurisdiction by constructive service must not only be strictly followed, but must be followed to the exclusion of any other method not also clearly provided."

In the same volume, *Section* 317, at 583, it is said:

"Where statutes providing for constructive service of process require other acts to be done in addition to publication in a newspaper, such as posting copies of the process or publication or mailing copies to the defendant served by publication, compliance with such requirements should be shown by affidavit or by certificate of an authorized officer and under some statutes such affidavit or certificate is jurisdictional."

The plaintiff concedes that such a statute as is involved in the present case, being in derogation of the common law, must be strictly construed and strictly followed, but insists that if the defendant can be shown to have had notice of the suit the requirements of the statute have been complied with; and the filing of defendant's return receipt is not essential to the jurisdiction of the Court because its purpose is only to inform the Court that the defendant has had notice of the suit.

And the plaintiff argues that the fact that the defendant has appeared specially for the purpose of showing that

the alleged service was insufficient is an acknowledgment that the defendant had knowledge of the suit.

But the Court are not impressed with this argument. It cannot be held that a special appearance, entered to vacate the service for invalidity, cures the invalidity. If that were so the effect of a special appearance would be to make good a service that was bad, and the invalidity of which the special service was entered to show. The statute in question states what the plaintiff shall do in effecting service of process, and the record must clearly show that its requirements have been strictly followed.

In the recent case of *Felstead v. Eastern Shore Express*, 5 *W. W. Harr.* (35 *Del*) 171, 160 *A.* 910, this Court held the service insufficient because the notice sent by the plaintiff to the defendant did not include this statutory language:

"That under the provisions of this Act it [the service] shall be as effectual to all intents and purposes as if it had been made upon such non-resident personally within this State."

This requirement does not seem so important as the one involved in the present case, but the Court were of the opinion that it could not be disregarded. And we say in this case, as was said in the *Felstead Case*, that if the requirement is unreasonable and difficult to perform, relief must be sought from the Legislature by way of amendment and not from the Court by way of construction.

The statute is not as clear as it might be, and it may be difficult to comply with it in some respects. It was not skillfully drawn, and perhaps ought to be amended, but it does clearly provide that the substituted service, which it authorizes, shall be effected in a certain way. The plaintiff must give the defendant certain information by registered mail, and file with the declaration the defendant's return receipt. It is because such requirements have not been met that the Court is compelled to hold the service in this case invalid.

The defendant's motion to vacate the Sheriff's return of service on Interstate Transit, Inc., in No. 145, January Term, 1932, and in No. 129, March Term, 1932, is refused; and in No. 146, January Term, 1932, in which Stewart Smith is a party defendant the motion is sustained.[1]

---

[1] Note by the Court. The Court's conclusion in case No. 146, January Term, 1932, is not inconsistent with the decision in the recent case of *Creadick v. Keller and Colonial Stages, East,* 5 *W. W. Harr.* (35 *Del.*) 169, 160 *A.* 909, in which the plaintiff's failure to file with the declaration defendant's return receipt was prevented by defendant's refusal to receive the registered letter and give a receipt. Compliance with the statute was made impossible by defendants' own wilful acts.