STATE OF HAWAII, BY ITS ATTORNEY GENERAL,
*v.* HEIRS OF HALEMANO KAPAHI, ET AL.

No. 4633.

February 15, 1968.

Marumoto, Abe, Levinson, JJ., Circuit Judge King
in Place of Richardson, C.J., Disqualified,
and Circuit Judge Fairbanks in Place of
Mizuha, J., Disqualified.

OPINION OF THE COURT BY ABE, J.

This is an appeal from an order of the Circuit Court of the First Judicial Circuit requiring the State of Hawaii to pay additional interest on a condemnation award.

The record indicates that the State initiated eminent domain proceedings to condemn parcels of land belonging to appellees (Trustees of the Estate of Samuel M. Damon) in March, 1959. The State took possession of the property on April 8, 1959, pending adjudication of the matter, pursuant to § 8-27, R.L.H. 1955. After trial, a judgment was entered on June 29, 1962, decreeing the taking of the property by the State and awarding appellees $835,237.00, less $496,606.00 which had been deposited by the State at the time it took possession of the property. The award also provided for blight of summons damages and interest. The State subsequently took an appeal to this court which

affirmed the judgment of the lower court in *State v. Heirs of Halemano Kapahi*, 48 Haw. 101, 395 P.2d 932 (1964).

A dispute then arose with respect to the amount of interest due the appellees on the award. The trial court, after a hearing, entered an order requiring the State to pay additional interest as claimed by appellees and the State appealed from this order.

Two sections of our Revised Laws of Hawaii 1955 are pertinent to the disposition of this appeal. Section 8-31 provides in its pertinent parts:

"§ 8-31. Allowance of interest, etc. If an order be made letting the plaintiff into possession as provided for in sections 8-26, 8-27 and 8-30, the final judgment shall include, as part of the just compensation and damages awarded, interest at the rate provided in section 8-23 from the date of such order until paid by the plaintiff, * * *."

Section 8-23 reads in part:

"§ 8-23. Payment of judgment, penalties. The plaintiff shall within two years after final judgment pay the amount assessed as compensation or damages and upon failure so to do all rights which may have been obtained by such judgment shall be lost to the plaintiff; and if such payment is delayed more than thirty days after *final judgment,* then interest shall be added at the rate of five per cent per annum. * * *" (Emphasis added.)

The State having taken possession of the property on April 8, 1959, concedes that it is bound to pay interest on the deficiency from that date pursuant to § 8-31. However, it objects to the determination of the trial court that the judgment of the Circuit Court, which was entered on June 29, 1962, is the final judgment within the meaning of § 8-23, and that the State must pay interest at the rate of five percent per annum from said date pursuant to § 8-23.

The State contends that in this case the judgment entered after the decision of the Supreme Court on appeal constitutes the final judgment within the meaning of § 8-23. It argues that the interest on the deficient principal under provisions of § 8-31

should be calculated from the date of the order of possession until disposition of the appeal and that interest under the provision of § 8-23 should be computed from the date of entry of judgment by the Supreme Court which the State contends is the final judgment. The method of computation of interest advanced by appellees and adopted by the trial court has a compounding effect in that interest would be paid on a judgment which itself includes interest. The sole question on this appeal is the interpretation of the term "final judgment" used in § 8-23.

Statutes having reference to the same subject matter are in pari materia and are to be construed with reference to each other. § 1-21, R.L.H. 1955; *Territory* v. *Akase*, 43 Haw. 84, 85 (1958). Chapter 8 of the Revised Laws of Hawaii 1955 deals exclusively with eminent domain proceedings and it is apparent that other sections of the chapter should be reviewed to see if such sections may aid this court in the interpretation of the term "final judgment" as used in § 8-23.

Section 8-30 provides the means whereby a condemnor may take possession of the property after judgment of a circuit court in favor of the plaintiff, or pending an appeal to the Supreme Court by either plaintiff or defendant. The State having acquired possession of the property in question prior to the entry of judgment by the circuit court, as argued by appellees, this section may not be applicable in this case but it does not mean that we must disregard this section in the consideration of this appeal.

A significant part of the statute reads as follows:

"§ 8-30. Possession pending appeal. * * * *If the plaintiff has appealed to the supreme court,* such amount shall be held by the clerk *until the entry of final judgment* and such final judgment shall include, as part of the just compensation and damages awarded, interest at the rate provided in section 8-23 from the date of the order letting plaintiff into possession as aforesaid. * * *" (Emphasis added.)

That portion of the statute can only be interpreted to indicate that, at least where the plaintiff has appealed to the Supreme Court, there is to be no "final judgment" until disposition of

the appeal has been made by the Supreme Court. The term "final judgment" under that section would mean the judgment that is entered after an appeal, and not that which is rendered by the circuit court following a trial.

Section 8-25, R.L.H. 1955, provides for the payment of damages to a defendant whenever condemnation proceedings are abandoned or discontinued "before reaching a final judgment." That section implicitly authorizes the condemnor to abandon or discontinue such proceedings. See *Akana App'n. for Writ of Mandamus*, 42 Haw. 415 (1958).

Section 1255a of the California Code of Civil Procedure authorizes abandonment of condemnation proceedings by the plaintiff at any time after the filing of the complaint and before the expiration of thirty days after "final judgment." The Supreme Court of California, in *Southern Public Utility District* v. *Silva*, 47 Cal. 2d 163, 301 P.2d 841 (1956), said at page 842:

"The term 'final judgment' as used in section 1255a of the Code of Civil Procedure means a judgment when all possibility of direct attack thereon by way of (1) appeal, (2) motion for a new trial, or (3) motion to vacate the judgment has been exhausted."

Reviewing § § 8-23, 8-25 and 8-30, which are in pari materia, we feel compelled to conclude that the term "final judgment" as used in § 8-23 should be interpreted to mean the judgment which is entered after the disposition of an appeal to this court. Thus, under the provision of § 8-23, appellees are entitled to interest at the rate of five percent per annum on the deficiency existing thirty days after "final judgment" is entered by the Supreme Court.

The order appealed from is reversed and remanded for the entry of an order consistent with the views expressed herein.

*Johnson H. Wong*, Deputy Attorney General, *(Bert T. Kobayashi,* Attorney General, with him on the briefs) for plaintiff-appellant.

*J. Garner Anthony (Robertson, Castle & Anthony* of counsel) for defendants-appellees.