RONALD KEITH MANLEY, A MINOR, BY
BLAINE MANLEY, HIS GUARDIAN AD LITEM *v.*
DOROTHY K. NELSON.

No. 4667.

JOSEPH NICK MANGANARO AND MARTHA ELIZABETH
CANOUSE MANGANARO *v.* WAYNE L. SOSZKA.

No. 4668.

June 27, 1968.

RICHARDSON, C.J., MIZUHA, MARUMOTO, ABE, JJ.
AND CIRCUIT JUDGE FAIRBANKS IN PLACE OF
LEVINSON, J., DISQUALIFIED.

OPINION OF THE COURT BY ABE, J.

These two cases involve services of process on nonresident motorists in two civil actions brought by citizens of Hawaii for injuries suffered in automobile collisions which occurred in the State of Hawaii.

In the case of Manley v. Nelson (No. 4667) after purported service on the Director of Regulatory Agencies as provided by

§ 230-33, R.L.H. 1955, as amended, an attempt was made to personally serve defendant at 87-153 D Makona Street, Waianae, Oahu, Hawaii, her last known address; however service could not be made upon defendant as she had left the State of Hawaii. Then plaintiff sent a registered mail, return receipt requested, to defendant at the same address, knowing that the mail would be returned unclaimed. Thereafter, service of summons was made by publication, setting the hearing on March 13, 1967, at 9:00 o'clock a.m. On March 13, 1967, defendant made a special appearance challenging the jurisdiction of the court through an attorney.

In the case of Manganaro v. Soszka (No. 4668), after the purported service on the defendant by service on the Director of Regulatory Agencies, a certified copy of the Complaint and Summons by certified mail, return receipt requested and postage prepaid, was sent on June 28 and September 26, 1966, addressed to defendant Wayne L. Soszka, 5935 Mission Street, San Francisco, California. Both letters were returned with notations "No such number" and "Moved, left no address." A notice of service by publication, setting the hearing at 9:00 o'clock a.m. on March 21, 1967, was published. A default judgment was entered at 9:00 o'clock a.m. on March 21, 1967. The attorney for defendant upon being notified that the case was being heard that morning appeared one minute after 9:00 o'clock and made a special appearance, and the court rescinded the default.

The attorney for defendants in both cases moved to quash the process of service. After a hearing, the trial court denied the motion and allowed both defendants an interlocutory appeal.

The issue before this court is whether the trial court acquired jurisdiction over defendants in the two cases.

Section 230-33, R.L.H. 1955, as amended, provides for service of process and notice on a nonresident motorist, or a resident motorist who subsequent to a collision leaves the State of Hawaii, in suits or actions against him growing out of any accident or collision involving a motor vehicle operated by him in the State of Hawaii. This section provides that the Director of Regulatory Agencies shall be deemed to have been appointed by such person

as his true and lawful attorney upon whom may be served the summons. This section also requires that after the certified copy is filed with the Director of Regulatory Agencies of the State of Hawaii or his deputy, a certified copy of the summons be "served upon the defendant personally by any person authorized to serve process in the place in which he may be found or sent by registered mail, postage prepaid, with return receipt requested, by the plaintiff or his attorney to the defendant. The plaintiff or his attorney shall file an affidavit showing that such notice and such copy of summons were served as aforesaid or sent by registered mail as aforesaid, and in the latter case the *return receipt* shall be filed with such affidavit." (Emphasis added.)

The first paragraph of § 230-33 is not only similar but was based on the Massachusetts statute which was upheld in *Hess* v. *Pawloski*, 274 U.S. 352 (1927).[1] However, plaintiffs in both cases contend that as our statute requires the filing of "return receipt" and the Massachusetts statute requires the filing of "defendant's return receipt" there is a difference between the two statutes, and that the provisions of the first paragraph of § 230-33 is fulfilled when it is shown that the registered mail was not delivered to the defendants by reason of their having moved without leaving forwarding addresses. Their contention is that the term "return receipt shall be filed" means the filing of a card provided by the post office entitled "return receipt" without the signature of the addressee or any evidence showing that the addressee had received the same.

In upholding the Massachusetts statute, the U.S. Supreme Court in *Hess* v. *Pawloski, supra,* at page 356, said:

"Motor vehicles are dangerous machines; and, even when skillfully and carefully operated, their use is attended by serious dangers to persons and property. In the public interest the State may make and enforce regulations reasonably cal-

---

[1]House Standing Committee Report No. 165, on H.B. 10, House Journal 1953, p. 567, reads in part to-wit: "Service of process on non-residents is often difficult or impossible. The validity and constitutionality of similar statutes notably that of Massachusetts, have been upheld by the courts. Hess v. Pawloski, 47 Sup. Ct. 632."

culated to promote care on the part of all, residents and non-residents alike, who use its highways. The measure in question operates to require a non-resident to answer for his conduct in the State where arise causes of action alleged against him, as well as to provide for a claimant a convenient method by which he may sue to enforce his rights. Under the statute the implied consent is limited to proceedings growing out of accidents or collisions on a highway in which the non-resident may be involved. *It is required that he shall actually receive and receipt for notice of the service and a copy* of the process. * * *" (Emphasis added.)

The House Committee Report shows that when the legislature enacted Act 167 in 1953, the legislators were cognizant of both the Massachusetts statute and the case of *Hess* v. *Pawloski, supra,* which had upheld the Massachusetts statute, and the legislators must have intended to meet the requirement stated by the U.S. Supreme Court in that case that defendant shall actually receive and receipt for notice of service and copy of the process.[2]

The word "receipt" is defined in *Webster's New International Dictionary,* Second Edition, as "[a] writing acknowledging the taking or receiving of goods or money delivered or paid."

The second paragraph of § 230-33, R.L.H. 1955, as amended by Act 86 enacted by the legislature in 1965 provided for service "by publication of summons in some newspaper suitable for the advertisement of notice of judicial proceedings for such length of time as he may deem reasonable, not less than once each week in four successive weeks, the last publication to be not less than twenty-one days prior to the date set for the trial of the action * * *" when a defendant had left the State of Hawaii and he could not be found to be served by registered mail.

House Standing Committee Report No. 617 in connection with the enactment of the 1965 amendment states in part:

"It has been called to the attention of your Committee that there have been many cases in which a motorist while operating a vehicle in the State has caused an accident or

---

[2]See footnote 1.

collision and has removed himself from the State leaving no forwarding address. It is not possible to obtain jurisdiction over the defendant in this case because of the requirement of service by sending a registered letter to the defendant and evidence of the receipt of the letter. This bill will allow, after the director of regulatory agencies is served and after a showing that no address is available, the completion of service by publication as is provided in Section 230-31, Revised Laws of Hawaii 1955."

Let us also review the other statutes providing for service by mail.

Section 1-36, R.L.H. 1955, as amended, (Act 48, S.L.H. 1961) under which provision service was attempted in Case No. 4668 provides:

"Wherever a state statute provides for the giving of notice or service of legal process by registered mail the sending of such notice or service of such legal process may be made by means of a certified mail, *return receipt requested* and *deliver to addressee only*" (Emphasis added.)

Section 230-32, R.L.H. 1955, pertaining to personal service on nonresidents provides:

"If the residence of such defendant be known, or shall be ascertained after publication of summons has been ordered, the judge may order personal service of a certified copy of the declaration or petition and summons and notice of the date of trial, either within or without the Territory, or service by registered mail with request for a return receipt which service, *evidenced by such receipt signed by the defendant* and returned to the clerk of the court, shall be regarded as equivalent to service by publication or in lieu thereof." (Emphasis added.)

As we have stated in *State* v. *Heirs of Halemano Kapahi*, 50 Haw. 237, 437 P.2d 321 (1968), "statutes having reference to the same subject matter are in pari materia and are to be construed with reference to each other." *See also Territory* v. *Akase*, 43 Haw. 84 (1958).

We hold that the term "return receipt shall be filed" used in the first paragraph of § 230-33, R.L.H. 1955, as amended, requires the filing of an instrument containing the signature of a nonresident defendant acknowledging receipt of a registered or certified mail. Also, this is the interpretation courts in other jurisdictions have given to similar statutes. *Syracuse Trust* v. *Keller*, 35 Del. 304, 165 A. 327 (1932); *Spearman* v. *Stover*, 170 So. 259 (La. App. 1936).

We hold that in both cases, plaintiffs did not fulfill or meet the requirements of the first paragraph of § 230-33.

The other issue is whether the trial court may proceed with the trial of the cases and render judgment against defendants after publication of notice of proceedings under the second paragraph of § 230-33, R.L.H. 1955 (1965 Supplement) enacted by Act 86, S.L.H. 1965, hereinafter called Act 86.

The United States Supreme Court in *Kane* v. *New Jersey*, 242 U.S. 160 (1916) held that the state may, without violating the Constitution of the United States, forbid a nonresident to operate an automobile within the state unless he has authorized the state official to receive service of process in action brought against him arising out of the operation of the automobile within the state. The court said at page 167:

> "We know that ability to enforce criminal and civil penalties for transgression is an aid to securing observance of laws. And in view of the speed of the automobile and the habits of men, we cannot say that the legislature of New Jersey was unreasonable in believing that ability to establish, by legal proceedings within the State, any financial liability of nonresident owners, was essential to public safety. There is nothing to show that the requirement is unduly burdensome in practice. It is not a discrimination against nonresidents, denying them equal protection of the law. On the contrary, it puts nonresident owners upon an equality with resident owners."

Then, as a state may constitutionally forbid a nonresident to operate an automobile within the state, unless he has expressly

authorized a state official to receive service of process in action brought against him arising out of the operation of the automobile within the state, may a state subject him to the jurisdiction of the courts in the state in such action although he has not expressly consented to the exercise of the jurisdiction? The United States Supreme Court in *Hess* v. *Pawloski, supra,* answered this question in the positive. The State of Hawaii has power to forbid any nonresident to drive or operate any vehicle within the State unless he first consents to the exercise of jurisdiction over him by the courts of the State as to the causes of action arising out of these acts.

In the exercise of its duty and responsibility to protect its citizens, the Legislature of the State of Hawaii enacted Act 86 and there is no question that it is a legitimate exercise of its police power, as a state in the interest of the public, may regulate the use of its highways by its residents as well as nonresidents. *Kane* v. *New Jersey, supra, Hess* v. *Pawloski, supra.* Defendants' contention is that Act 86 violates the provisions of the U.S. Constitution and the Constitution of the State of Hawaii as notice by publication does not meet the requirement of due process.

In *Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U.S. 306 (1950) the court upheld the constitutionality of published notice as to beneficiaries whose interests or addresses were unknown to the trustee and at page 317 stated:

> "This court has not hesitated to approve of resort to publication as a customary substitute in another class of cases where it is not reasonably possible or practicable to give more adequate warning. Thus it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that situation permits and creates no constitutional bar to a final decree foreclosing their rights."

Further, we believe that under the provisions of Act 86, the "traditional notions of fair play and substantial justice"[3] are

---

[3]Milliken v. Meyer, 311 U.S. 457, 463; International Shoe Co. v. Wash., 326 U.S. 310, 316.

fully met as the statute requires a plaintiff to give a defendant notice of the pendency of an action by service of a certified copy of the summons "upon the defendant personally by any person authorized to serve process in the place in which he may be found or sent by registered mail, postage prepaid, with return receipt requested * * *." Then, only when he is unable to do so the act provides:

> "After service on the director of regulatory agencies, or his deputy, if the defendant cannot be found in the State since he has removed himself from the State and he cannot be found to serve or mail the summons after due diligence and the facts shall appear by affidavit or otherwise to the statisfaction of the judge, he may order that service be made by publication of summons in some newspaper suitable for the advertisement of notice of judicial proceedings for such length of time as he may deem reasonable, not less than once each week in four successive weeks, the last publication to be not less than twenty-one days prior to the date set for the trial of the action. The service of summons shall be deemed complete at the expiration of the time prescribed by the order for publication. Such order and notice shall also set a date for the trial of the action.
>
> "The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action."

If a nonresident operator of a motor vehicle involved in an accident or collision sincerely desires to be informed when suit is commenced, it is a simple matter for him to leave with a person injured or suffering damages or involved in the collision or with a police officer investigating the accident his permanent address and if and when he changes his address to so notify the person or persons of the change.

By the term "traditional notions of fair play and substantial justice" we are not only concerned about a defendant, we must also consider the rights and interests of a plaintiff. Under § 230-33, as amended, before resorting to giving of notice by publica-

tion, a plaintiff is required to find out the address of a nonresident defendant so that service of notice may be made upon him either by a person authorized to serve process or by registered or certified mail. Publication of notice is the last resort when there is no other method of notifying a nonresident defendant. Thus, we hold that Act 86 is valid and does not violate the due process clause of the United States Constitution or the Constitution of the State of Hawaii.

Defendants, by operating automobiles within this State, subjected themselves to the jurisdiction of our courts as to causes of action arising out of the operation of automobiles in this State; and under the facts of the cases, we hold that notice by publication was sufficient notice and the trial court may proceed with the trial of the two cases.

Affirmed.

*Leslie T. Bennett (Skinner, Bennett & Ornelles* of counsel) for defendants-appellants.

*Raymond J. Tam (Ikenaga and Tam* of counsel) for plaintiff-appellee Ronald Keith Manley, a minor, by Blaine Manley, his Guardian Ad Litem.

*Richard B. W. Ing (V. Thomas Rice* on the brief, *Rice & Lee* of counsel) for plaintiffs-appellees Joseph Nick Manganaro and Martha Elizabeth Canouse Manganaro.

### OPINION OF FAIRBANKS, J., DISSENTING IN PART.

I concur with the majority on the constitutionality of § 230-33, R.L.H. 1955, as amended by Act 86, Session Laws of 1965.

I dissent in Manley v. Nelson on the ground that plaintiff did not make adequate investigation into the whereabouts of the defendant Nelson to justify publication of notice.