[No. 396-1.   Division One—Panel 1.   April 5, 1971.]

FRANK LYMAN DOBBINS, JR., *Appellant,* v. GEORGE JAMES BEAL et al., *Respondents.*

*Murray, Dunham & Waitt* and *Roger E. Dunham,* for appellant.

*Merrick, Burgess, Hofstedt & Keating* and *Linda L. Dawson,* for respondents.

WILLIAMS, J.—Plaintiff brought this action to recover damages for personal injuries sustained in an automobile accident. Service of the summons was by publication pursuant to RCW 4.28.100(2). Defendants moved to dismiss the case for lack of jurisdiction over their persons, which motion was sustained; and from the judgment dismissing the action, plaintiff appeals.

The preliminary facts may be summarized as follows: The accident out of which the litigation arose happened on June 3, 1966, in Seattle. On May 7, 1969, appellant filed a summons and complaint, sheriff's "return of not found," and an affidavit signed by his attorney to the effect that respondents had been residents of the state and had departed therefrom with intent to defraud creditors or to avoid the service of a summons or had kept themselves concealed within the state with like intent. The affidavit also recited that a copy of the summons and complaint had been deposited in the United States mails directed to the last-known address of respondents in Seattle, Washington, but that the certified mail had been returned with the notation, "Moved—left no forwarding address." The summons was then published as prescribed by statute.

On October 28, 1969, respondents appeared by an attorney and filed a motion to dismiss for lack of jurisdiction. The motion was supported by an affidavit of the attorney, which recited:

That he is one of the attorneys for the defendants; that he is informed and therefore believes that the defendants do not reside in the State of Washington and your affiant does not know their present whereabouts; that your affiant is informed and therefore believes that the defend-

ants have never been residents of the State of Washington; that your affiant is informed and therefore believes that the defendants have no property in the State of Washington.

The motion to dismiss was placed on the motion docket and heard on the initial and supplemental affidavits. Appellant's additional affidavit stated that respondent George Beal had listed a Seattle address on the accident report filed shortly after the accident, and that a registered mail notice to that address had been returned with a post office notation "moved, leaving no forwarding address." Affiant further stated that respondent George Beal was employed at Boeing Airplane Company at the time of the accident. He also stated that on the basis of the records of that company, he had sent a registered mail letter to respondent George Beal in care of his family in Omaha, Nebraska, which letter had been forwarded to a Seattle address. The Seattle post office again noted that respondents had moved, leaving no forwarding address.

Respondents' attorney filed another affidavit, the purport of which was to deny that respondents had any property within the state of Washington. The court examined the affidavits of both parties, heard counsel, and then ordered the complaint dismissed because there was no jurisdiction over the persons of the respondents. This appeal followed.

RCW 4.28.100 is as follows:

Service of summons by publication—When authorized. When the defendant cannot be found within the state (of which the return of the sheriff of the county in which the action is brought, that the defendant cannot be found in the county, is prima facie evidence), and upon the filing of an affidavit of the plaintiff, his agent, or attorney, with the clerk of the court, stating that he believes that the defendant is not a resident of the state, or cannot be found therein, and that he has deposited a copy of the summons (substantially in the form prescribed in RCW 4.28.110) and complaint in the post office, directed to the defendant at his place of residence, unless it is stated in the affidavit that such residence is not known to the af-

fiant, and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons, by the plaintiff or his attorney in any of the following cases:

. . .

(2) When the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent; . . .

Thus, summons by publication is permitted if:

1. The defendant cannot be found in the state (of which the return of the sheriff of the county in which the action is brought, that the defendant cannot be found in the county, is prima facie evidence).

2. Plaintiff, his agent, or attorney files an affidavit stating that he believes the defendant cannot be found in the state.

3. A copy of the summons has been mailed if the residence is known.

4. There is a statement in the affidavit that

((2) When) the defendant, being a resident of this state, has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent.

The foregoing conditions were met by appellant.

■ Respondents contend that there is no proof in the record that they ever have been residents of the state of Washington as required by subsection 2 of the statute. This contention is answered by appellant's "affidavit for service of summons by publication." The integrity of this affidavit and the sheriff's return of not found was not materially challenged. The affidavit of respondents' lawyer above quoted is not based upon testimonial knowledge; 3 Am. Jur. 2d *Affidavits* § 21 (1962), nor was the question of due diligence raised. *White v. White,* 24 Wn.2d 52, 163 P.2d 137 (1945); *Chase v. Carney,* 199 Wash. 99, 90 P.2d 286 (1939). Respondents offered no evidence as permitted by CR 12(d) to overcome the prima facie showing made by appellant. It therefore appears that the summons was properly published according to the requirements of statute.

Respondents also assert that RCW 4.28.100(2) is an in rem statute which does not confer jurisdiction upon the court to render an in personam judgment. We disagree. There is no limitation in the statute to confine its application to actions in rem. There have been significant developments in the law relative to the acquisition of jurisdiction of the person since *Pennoyer v. Neff*, 95 U.S. (5 Atto) 714, 24 L. Ed. 565 (1878), which respondents cite in support of their position.

██ In *McDonald v. Mabee*, 243 U.S. 90, 92, 61 L. Ed. 608, 37 S. Ct. 343 (1917), the court said:

> To dispense with personal service the substitute that is most likely to reach the defendant is the least that ought to be required if substantial justice is to be done.

In *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 61 S. Ct. 339, 132 A.L.R. 1357 (1940), the suit was commenced in Wyoming against a person who was alleged to be a resident of that state but who was personally served in Colorado. He did not appear, and judgment was taken against him. Subsequent enforcement of the judgment in Colorado was held valid on the theory that:

> the authority of a state over one of its citizens is not terminated by the mere fact of his absence from the state. The state which accords him privileges and affords protection to him and his property by virtue of his domicile may also exact reciprocal duties. "Enjoyment of the privileges of residence within the state, and the attendant right to invoke the protection of its laws, are inseparable" from the various incidences of state citizenship.

The court also said:

> Its adequacy [substituted service] so far as due process is concerned is dependent on whether or not the form of substituted service provided for such cases and employed is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard. If it is, the traditional notions of fair play and substantial justice (*McDonald v. Mabee, supra*) implicit in due process are satisfied.

*Milliken* is authority for RCW 4.28.180, providing under certain circumstances for personal service outside of the state. Trautman, *Procedure, Washington Legislation—1959,* 34 Wash. L. Rev. 323, 324 (1959). RCW 46.64.040, which establishes personal jurisdiction over strangers who use the highways of the state is based upon the same principles. *Hess v. Pawloski,* 274 U.S. 352, 71 L. Ed. 1091, 47 S. Ct. 632 (1927); *Tellier v. Edwards,* 56 Wn.2d 652, 354 P.2d 925 (1960).

Thus, it has been established that the method of obtaining jurisdiction of a resident is valid if it is reasonably designed to achieve notice of a claim asserted so that the defendant can appear and defend if he wishes. We hold that in the instant case the court gained jurisdiction over the persons of respondents because the procedural steps taken, required by statute, are a reasonable method of giving notice of a claim to a defendant(s) who "being a resident of this state, has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent."

The judgment is reversed and the cause remanded for further proceedings.

HOROWITZ, C.J., and UTTER, J., concur.
Petition for rehearing denied May 25, 1971.
Review denied by Supreme Court July 26, 1971.