701 P.2d 659

John O. EVANS and Gladys Evans, husband and wife, Plaintiffs-Respondents,

v.

Steve GALLOWAY,
Defendant-Appellant,

and

Rose Galloway; Greg Doster, dba Gregory Wilson Doster Insurance Agency; Glacier General Agency, Inc.; and Capitol Indemnity Corporation, Defendants.

No. 15356.

Supreme Court of Idaho.

June 4, 1985.

John R. Goodell of Racine, Olson, Nye, Cooper & Budge, Chartered, Pocatello, for defendant-appellant.

Samuel A. Hoagland of Dial, Looze & May, Pocatello, for plaintiffs-respondents.

BAKES, Justice.

This is an appeal under I.A.R. 12 from an interlocutory order of the district court denying a motion to dismiss for lack of jurisdiction over the persons of defendants Rose and Steve Galloway. The Galloways, through their insurer, filed a special appearance in the district court, disputing the court's personal jurisdiction over them. In this interlocutory appeal, we affirm the district court's refusal to grant the Galloways' motion to dismiss.

The Galloways leased a business from the Evanses in Malad, Idaho. A fire on July 15, 1981, destroyed the building. Shortly after the fire, an attorney representing the plaintiffs sent a demand letter by certified mail to the Galloways claiming damages in the amount of $76,700, indicating that if a commitment to pay this sum was not made within 14 days, "we will have no other alternative than to pursue all necessary legal avenues for relief." The return receipt shows that the letter was received by Rose Galloway on July 31, 1981, in Malad, Idaho. Early in the next month the Galloways moved from Malad, apparently to Idaho Falls, Idaho, and then to other places unknown, leaving no forward-

ing addresses. The record does reflect that on December 3, 1981, Rose Galloway was arrested in Montana and pleaded guilty to a charge of issuing bad checks. Seven months later she escaped from a Billings, Montana, prison.

On June 25, 1982, the Evanses filed suit against the Galloways, alleging that the Galloways negligently caused the fire and, additionally, that they had breached the terms of the lease.[1] A summons directed to the Galloways was issued. Service could not be effected, and a "sheriff's no-found return" was filed on July 14, 1982. Pursuant to I.C. § 5–508, service of summons by publication was subsequently printed in the Idaho State Journal, and copies of the summons and complaint were mailed to the Galloways at their last known address in Malad. The summons and complaint were returned unopened.

Capital Indemnity Corporation, the Galloways' insurer, entered a special appearance on behalf of the Galloways, filing a motion to dismiss with supporting affidavits, alleging that the district court lacked personal jurisdiction over the Galloways. The district court denied this motion in an order dated October 17, 1983. This interlocutory appeal was then certified.

After this appeal was filed, Rose Galloway was apprehended by law enforcement authorities. She has since been personally served with process and thus, as to her, the certified issue on this appeal is moot. However, Steve Galloway has not yet been located or personally served. Thus, a question remains as to whether the published service of process was adequate, allowing the district court to properly exercise personal jurisdiction over Steve Galloway.

■ Appellants assert that service of process by publication was constitutionally inadequate because Steve Galloway permanently left the State of Idaho nearly one year before notice was published. Having fully reviewed the affidavits submitted with the defendants' motion to dismiss, we find no conclusive evidence that Steve Galloway was outside the State of Idaho at the time of publication. Although two affidavits submitted on behalf of the appellants state that Rose and Steve Galloway were not in Idaho at the time the affidavits were taken, these statements were based only on telephone contact initiated by Rose Galloway. Neither affiant specifically spoke with Steve Galloway. Neither affiant had personal knowledge as to Steve Galloway's whereabouts. The record is therefore insufficient to establish conclusively that Steve Galloway was outside the state.

As noted by the district court, the leading case on the notice requirement is *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). *Mullane* provides that due process requirements are satisfied if the notice given is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co., supra* at 314, 70 S.Ct. at 657. Here, pursuant to I.C. §§ 5–508 and –509, the Evanses effected service of process by publication in the Idaho State Journal and mailed copies of the summons and complaint to the Galloways at their last known address in Malad, the address at which the Galloways had previously received the demand letter. Service by publication was ordered only after the Bonneville County sheriff was unable to personally serve the Galloways or obtain information as to their whereabouts.

There is a division of authority among the various supreme courts over whether or not substituted service of process by publication and mailing to the last known address is sufficient to satisfy due process where the defendants have moved, leaving no forwarding address. There is positive proof in this case that the defendant Rose Galloway did leave the State of Idaho, because she was arrested and imprisoned in the State of Montana before she escaped

---

1. Gregory Wilson Doster Insurance Agency, Glacier General Agency, Inc., and Capitol Indemnity Corporation were also named as defendants in the suit.

from prison and fled. However, on this record it is not established conclusively that Steve Galloway has actually fled the State of Idaho, although one might infer that from the record. Under these circumstances, we are inclined to follow those courts which have held that, for persons engaged in actionable conduct who subsequently move leaving no forwarding address by which their whereabouts may be determined, service of summons by publication in a newspaper of general circulation in the area, and a mailing of copies of the summons and complaint to that party's last known address is reasonably calculated under all the circumstances to apprise that party of the pendency of an action. *Clark v. LeBlanc*, 92 N.M. 672, 593 P.2d 1075 (1979); *Dobbins v. Beal*, 4 Wash.App. 616, 483 P.2d 874 (1971); *Manley v. Nelson*, 50 Hawaii 484, 443 P.2d 155 (1968), *cert. den.* 394 U.S. 573, 89 S.Ct. 1299, 22 L.Ed.2d 555 (1969); *Gill v. Gill*, 277 Minn. 166, 152 N.W.2d 309 (1967). We acknowledge that there is substantial and persuasive authority to the contrary, *see, e.g., Graham v. Sawaya*, 632 P.2d 851 (Utah 1981); *Price v. Sunmaster*, 27 Ariz.App. 771, 558 P.2d 966, 970–71 (1976), which we have chosen not to follow under the circumstances of this case.

■ Thus, we conclude that the Evanses' attempts to effect service upon the Galloways, which conformed with statutory requirements, were reasonably calculated, under all the circumstances, to apprise the Galloways of the pendency of this action. Thus, the district court was correct in refusing to grant the defendants' motion to dismiss.

DONALDSON, C.J., SHEPARD and BISTLINE, JJ., and McFADDEN, J., Pro Tem., concur.

BISTLINE, Justice, specially concurring.

I.C. § 5–905 went to its Great Reward back in 1975—suffering its demise along with many other long-standing statutes of code pleading which had well served the bench and bar. It was supplanted by Rules 60(a), 60(b), 55(c), 15(a), 15(b) and 13(f)—none of which fits the situation before the Court today. As pertinent, I.C. § 5–905 provided:

> When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant, or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action.

Strangely, when the Court busied itself with making rules and causing an obliging legislature to repeal most statutes of code pleadings, it did not fully enter the field. I.C. § 5–505 (filing of *lis pendens*), §§ 5–508, 5–509, and 5–513 (not involved) are the surviving remnants of Chapter 5, Title 5.

Sections 5–508 and 5–509 provided the manner of making what is recognized as "substituted service" by publication against certain persons. It is available

> When the person on whom the service is to be made resides outside of the state, or has departed from the state, or cannot after due diligence be found within the state, or conceals himself therein to avoid the service of summons ..., and it also appears by the verified complaint on file that a cause of action exists against defendant in respect to whom the service is to be made, and that he is a necessary or proper party to the action, such clerk may make an order for the publication of the summons,....[1]

Rule 4(e)(1) adds the extra requirement of mailing copies, which was always done under the statute, I.C. § 5–905, and *Mills v. Smiley*, 9 Idaho 317, 76 P. 783 (1903). It has been well understood that the word "or" is here used disjunctively—not conjunctively. I know of no Supreme Court case to the contrary, nor have I heard of any district court case to the contrary. A

---

1. The older practitioners who learned code pleading and how it worked will be pleased to see that here is a case where it is probable that they, too, might have been of some aid to the Court.

supporting affidavit states that the Galloways could not be found in Idaho after an exercise of due diligence. Nothing more is required. The substituted service by publication and mailing to the last known address complies with the statute, and such should be the end of our inquiry at this time.

The opinion for the Court, however, makes a wholly tangential approach which, whether it be sound or unsound, is unnecessary. My surmise is that the author recognized that the multitude of rules replacing § 5–905 failed to cover the situation which was encompassed by the one statement above set forth—which is couched in clear and concise language. When and if this case ever goes to judgment, the defendant Steve Galloway apparently does not have the benefit of the avenue of probable relief which formerly existed under the defunct § 5–905.

Meanwhile, a special appearance was filed on his behalf (and also on behalf of his wife) by the law firm which also appeared and answered on behalf of Capitol Indemnity Co. On the same date that the special appearance was filed, with it was filed a motion to dismiss based upon Rule 12(b)(2), (4), and (5). The motion was supported by various affidavits; the tenor of one was an attempt to establish that Rose Galloway told her mother that she was not then (late summer of 1982 and again in late March or early April of 1983) living in Idaho—which was offered to support the further statement, on information and belief, that both Rose Galloway and Steve Galloway were not residing within Idaho in January or February of 1983 when summons was published. Another affidavit which was offered was signed by an adjuster and investigator employed by the Yellowstone Company. The only purpose served by this affidavit is to establish that even the diligence of a professional could not locate the Galloways in Idaho—said to be some sort of proof that they were not in Idaho in January and February of 1983. Other affidavits filed *in support of Steve and Rose Galloway's special appearance* are in the same vein, and establish only that they were reported elsewhere and could not be discovered in Idaho.

A court minute entry, notwithstanding the foregoing, states that on July 5, 1983 the *defendants Galloway appeared,* albeit by counsel, in connection with the motion to dismiss.

The trial court made an exhaustive 16-page memorandum decision and order which appears to be a review of all due process cases and treatises dealing with the requirement of actual personal service, following which the court concluded:

> The plaintiffs herein are certainly entitled to due process, fair play and substantial justice and are also entitled to have a forum to pursue their claim for damages.

> Plaintiff's attorneys did comply with Idaho law in an effort to effectuate service on defendants and it has not been shown conclusively to this court that defendants have in fact not received notification that this lawsuit has been filed against them. They were at least very well aware that plaintiffs intended to pursue a legal claim against them before they left the State of Idaho and they certainly have the responsibility to not only advise plaintiffs of their whereabouts, but also their insurance company.

> This court is emphasizing that strictly and solely under the facts of this particular case herein, the court is exercising in personam jurisdiction over Steve and Rose Galloway and defendants' motion to dismiss is herewith DENIED.

R., Vol. 1, p. 129.

I do not disagree with the foregoing rationale. However, it is only necessary to observe that plaintiffs complied with Idaho law in an effort to effectuate service on defendants. I agree that the district court has acquired an in personam jurisdiction over the defendants under the Idaho law. The voluntary special appearance of the Galloways by counsel is not the type of special appearance contemplated by Rule

4(i)'s [2] provision that a voluntary appearance of *a party* is not the equivalent of personal service when it is made to assert the defenses of Rule 12(b)(2), (4), or (5). In my view that provision is only available to the *party* who desires to raise the challenge of jurisdiction by reason of claimed insufficiency of service of process. There is no rule which allows an insurance company to retain counsel for the purpose of specially appearing as was done here. But it was done, and accordingly, I would simply hold that it must be treated as a wholly voluntary unqualified appearance. Even though it is undoubtedly not factually so, under these circumstances the trial court well could have indulged in the fictitious presumption that the Galloways authorized Capitol Insurance Co. to retain counsel to appear on their behalf. Obviously, and lending strength to that presumption, it may not be presumed that able and reputable counsel are volunteering legal services to defendants with whom they have had no contact. From the affirmative presumption, it then follows that either the Galloways have received notice of the pending action against them, or, alternatively, (1) some documentation exists which authorizes Capitol Insurance Co. to so act on behalf of the Galloways, or (2) that Capitol Insurance Co. has gone out on a limb in causing an appearance to be made on behalf of the Galloways, thereby subjecting them to the general jurisdiction of the court, and thereby making irrelevant any elaborate discussion of constitutional issues of due process.

---

**2.** I.R.C.P. 4(i) reads as follows:

> **Voluntary appearance.**—The voluntary appearance of a party or service of any pleading by him, except a motion under Rules 12(b)(2), (4) or (5), is equivalent to personal service of the summons and a copy of the complaint upon him, and constitutes voluntary submission to the personal jurisdiction of the court. The joinder of other defenses in a motion under rules 12(b)(2), (4) or (5) does not constitute a voluntary appearance by the party under this rule.