Attorney General Loving has asked me to respond to your request for an opinion addressing, in effect, the following question:
 Does 29 O.S. 4-202 (1991) prevent the issuance of a hunting and fishing license over the telephone by credit card if the purchaser is given a coded license number to use temporarily until a hard copy is received by mail, and a postage and handling charge for mailing is assessed the buyer at the time of the credit card purchase?
Because your question may be answered by reference to controlling statutes and case law, the issuance of a formal opinion of the Attorney General is not necessary. The discussion which follows is not an official opinion of the Attorney General; it represents, rather, the analysis and conclusions of the undersigned Assistant Attorney General.
Section 29 o.s. 4-202 states, in pertinent part, that an authorized agent of the Wildlife Conservation Commission shall "(i)ssue no receipt in lieu of a license" and "(c)harge no more than that license price required by statute or by Commission resolution". The question which arises is whether the coded license number given at the time of purchase is a receipt and therefore violative of 29 o.s. 4-202. Black's Law Dictionary defines receipt as:
 "Written acknowledgment of the receipt of money, or a thing of value, without containing any affirmative obligation upon either party to it. A mere admission of a fact, in writing."
In Manley v. Nelson, 443 P.2d 155, 158 (1968), the Court defined the word receipt as, "a writing which acknowledges taking or receiving either money or goods which have been paid or have been delivered". The coded license number given over the telephone at the time of purchase is not a "receipt", but is an actual license. As you explained, this coded license number is electronically transmitted to the buyer, and is verifiable with the purchaser's driver's license or date of birth. As such, the issuance of a coded license number does not violate 29 o.s. 4-202(B)(2) which prohibits the issuance of a receipt in lieu of a license.
You also asked whether a postage and handling charge for mailing the hard copy of the license violates 29 o.s. 4-202(B)(8) which prohibits an authorized agent of the Commission from charging more than the license price set by statute. To charge such a fee above the price of the license would violate the specific language in the statute which precludes an authorized agent from charging "more than that license price required by statute or by Commission resolution". While the postage and handling charge may be separate from the license price, there is no authority for the Commission, or an authorized agent, to assess such a charge. The only fee allowed, beyond the statutorily set license price, is found in 29 o.s. 4-201(B). Subsection B states:
 "The Department (of Wildlife Conservation) shall delegate the sale of these licenses to authorized agents. The agent shall charge a selling fee of One Dollar ($1.00) per license above the set license fee."
In sum, 29 O.S. 4-202(B)(2) (1991), which prevents the issuance of a receipt in lieu of a license, does not prevent the issuance of a coded license number over the telephone. However, 29 o.s. 4-202(B)(8) prohibits the Commission, or its authorized agent, from assessing a postage and handling charge in addition to the statutorily set license price.
If you have questions regarding any of the above, please feel free to contact me.
(Judy A. Terry)